| 2 Y | 515 |
| 202 | 257 |

CHARLES KELLY and MARY his wife *against* ROBERT MAHAN.

Dower will lie of lands held by improvement right alone.

DOWER of 20 acres of meadow, 100 acres of arable land and 280 acres of woodland, *unde nihil habet*. The cause was tried at Chambersburgh, on the 20th April, 1798, before the late Chief Justice M'Kean and Smith Justice, who directed a non-

suit on the case being opened by the plaintiffs counsel, that the seisin of the husband, was solely under an improvement right with out any office title whatever.

Mr. Ingersoll for the plaintiffs, now moved, that the nonsuit should be set aside. Mr. Duncan for the defendant, submitted the matter to the court without opposition.

By the court. We are satisfied, there has been no previous adjudication on this point. We have gone too far into the improvement doctrine, to exclude a widow from her claim of dower of lands, held under such equitable, though imperfect title, so frequently recognized by the laws and usage of this state:—Ejectments have frequently been supported under such rights: and it has been determined, that a prior improvement under Pennsylvania, shall prevail against a Virginia certificate, under the compact between the two states. The sale of improved lands for payment of debts, by an administrator in modern times, without an order of Orphan's Court has also been declared by us to be void. With what propriety then, can we consider lands held by settlement and improvement, as real estate sanctified by law and custom, as to all other purposes, except the solitary instance of the dower of the widow, who has in most cases been highly instrumental in building up the title? Common justice forbids it! We cannot avoid setting aside the nonsuit.