, POLLY STOW, Widow of TIMOTHY STOW, *against* TIFFT.

*Where the seisin of the husband is instantaneous, or passes from him eo instanti that he acquired it, his widow is not entitled to dower.*

*So, where land is conveyed to the husband during coverture, who at the same time executes a mortgage to the grantor, to secure the consideration money, the seisin of the land is but for an instant in the grantee, and is immediately revested in the grantor, and, consequently, the widow of the grantee cannot claim her dower in the premises.*

*Where two instruments relating to the same subject, are executed at the same time, they are to be taken in connection as forming parts of the same agreement; as where a conveyance of land, and a deed to secure the purchase money, are executed at the same time; the effect of which transaction is, that if the price of the land shall not be paid at the stipulated time, the grantor shall be reseised of the land free of the mortgage; and whether such an agreement be contained in one and the same instrument, as it well may be, or in distinct instruments, can make no difference as to the effect.*

THIS was an action of *dower*, brought to recover dower in two lots in *Douglas* patent, in the town of *Bolton*, in the County of *Warren*. The tenant pleaded *ne unques, seisie que dower*, and *ne unques accouplé in loyal matrimonie*. The cause was tried before Mr. J. *Yates*, at the *Warren* circuit, in *June*, 1817.

The marriage of the demandant, and the death of her husband, in *December*, 1804, were proved. *Timothy Stow*, the husband of the demandant, purchased the premises in question during the coverture, and paid part of the consideration money ; and to secure the payment of the residue, executed, at the time of receiving the conveyance, a mortgage of the same premises to the grantor ; after his death the land was sold under a power contained in the mortgage, and was purchased by a person from whom the tenant derived his title.

A verdict was found for the demandant, subject to the opinion of the court, on a case containing the above facts.

*Weston*, for the plaintiff, contended, that the demandant was entitled to her dower, notwithstanding the mortgage by her husband, and the sale under it. The act (sess. 10. ch. 4. s. 1. *N. R. L.* 56.) says, that the widow shall have assign-

ed to her for her dower, the third part of the lands of her husband which were his at any time during the coverture. If the land abides in the husband for the interval of but a single moment, the wife will be entitled to her dower. (2 *Bl. Comm.* 132.) The husband, in this case, purchased the land and paid part of the consideration money, and received an absolute conveyance in fee; and to secure the remainder of the purchase money, he mortgaged the same land, on the same day, to the grantor. There was a moment of time in which the land was in him, though he immediately after conveyed it to the mortgagee. It was a seisin, though for an instant, *beneficially for his own use.* (2 *Bac. Abr.* 371. *Gwillim's* ed. *Dower C.* 2. *in notes. Preston on Estates.* tit. *dower.*) The defendant cannot object to the seisin of the husband, the mortgagor, as he claims title under him. (*Taylor's case,* cited in Sir *Wm. Jones,* 317. 2 *Bac. Abr.* 371. note.)

*Cowen,* contra. This very question was raised in the case of *Hitchcock* v. *Harrington ;* (6 *Johns. Rep.* 290.) but the court did not think it necessary to discuss or decide it. Dower is a legal claim or title, and can exist only where there is a legal seisin or estate. The seisin of the husband, in this case, being instantaneous, no right of dower vested in the wife. *Coke* says, a wife shall not be endowed of a seisin for an instant. (*Co. Litt.* 31. b.) As if a tenant for life makes a feoffment in fee and dies, the wife shall not be endowed. (*Ib.* note 3.) So, in *Amcotts* v. *Catherick,* (*Cro. James,* 615.) where a husband seised jointly with his wife in special tail, makes a feoffment after her death, to himself for life, remained to his son in tail, but before livery to these uses, marries a second wife, and *after livery* dies, the second wife was held not to be entitled to dower, for the husband gained no new estate, it being *eo instanti* drawn out of him. The same principle is recognized in *Lord Cromwell's case ;* (2 *Co.* 77.) there *B.* covenanted to suffer a recovery and levy a fine to the use of *A.,* and a fine was levied to *R. Perkins,* and his heirs, who granted and rendered a rent, &c. to *B.* in tail, with remainder in fee, &c. and granted and rendered to *A.,* in fee, with proclamations, &c. : it was held,

that the seisin of *Perkins*, being but for an instant, and only to the purpose to make the rendér, his wife should not be endowed, nor the land subject to his recognizances or statutes.     The same point was adjudged in *Dixon* v. *Harrison.* (*Vaughan,* 41.) *Blackstone,* also, lays down the same doctrine.     The seisin of the husband, for a transitory instant only, when the same act which gives him the estate, conveys it, also, out of him again ; as where, by a fine, land is granted to a man, and he immediately renders it back by the same fine, such a seisin will not entitle the wife to dower.  (2 *Bl. Com.* 131.)     It is like a feoffment and defeasance, at common law, which is deemed but one conveyance. (2 *Bl. Com.* 327. *Co. Litt.* 236. *b.*)  A wife could not be endowed of an *use* at common law ; nor can the wife of a *cestuy que trust* be endowed.     (*Claiborne* v. *Henderson,* 3 *Hen. & Mun. Rep.* 323.  2 *Bac. Abr.* 361. *Gwillim's* ed. *Dower B.* 2.  3 *P. Wms.* 329.)

, By the *act relative to mortgages,* passed the 9th of *April,* 1805, which is a *declaratory act,* whenever lands are sold and conveyed, and a mortgage is given by the purchaser at the same time, to secure the purchase money, such mortgage is preferred to any previous judgment which may have been obtained against such purchaser.     This shows that the legislature considered such to be the rule of the common law, though some doubts had been raised concerning it, which the statute intended to remove.     The act confirms, and supports the principle laid down in the cases already cited, that the *seisin being instantaneous* in the husband, it is not subject to *dower,* or judgments and recognizances.

This very question came before the Supreme Court of *Massachusetts,* in the case of *Holbrook* v. *Finney,* (4 *Mass. Rep.* 566.) in which the late Ch. J. *Parsons* delivered the opinion of the court, that the deed and the mortgage back to secure the purchase money, were to be considered as parts of one and the same contract, and as taking effect at the same instant, and, therefore, the wife of the mortgagor could not be endowed.

*Weston,* in reply, said, that the cases cited from the *English* books were those in which the husband takes the estate for some particular purpose or use, not for his own benefit ;

but is the mere *instrument* of passing the estate. The case in *Wales*, mentioned in *Cro. Eliz.* 503. supports this distinction. There the father and son were joint tenants to them and the heirs of the son, and they were both hanged in one cart; but because the son died last, his wife was held entitled to dower. The seisin, though instantaneous, was for the benefit of the survivor. So where lands descend to a man who is married, and a stranger enters immediately on the death of the ancestor, so that the seisin is but for an instant, being devested by the *abatement*, yet the wife of the heir will be endowed. In the case of *Nash* v. *Preston*, (*Cro. Car.* 190.) *J. S.* seised in fee, bargained and sold to the *husband*, for 120 pounds, in consideration that he should redemise it to *J. S.* and wife, for their lives, rendering a pepper corn, and with condition, that if he paid back the 120 pounds, at the end of 20 years, the bargain and sale should be void. The bargainee redemised accordingly, and died ; and it was held, that his wife was entitled to her dower. It was likened to a mortgage ; and it was said that if the wife be dowable by act and rule of law, a court of equity could not deprive her of her right.

Again ; our courts consider a mortgage merely as a security for the debt. The mortgagor, notwithstanding the mortgage, is deemed *seised*, and is the legal owner of the land. (*Hitchcock* v. *Harrington*, 6 *Johns. Rep.* 290.) The wife of the mortgagor may be endowed out of the lands mortgaged. (*Collins* v. *Torry*, 7 *Johns. Rep.* 278.)(a) The equity of redemption of a mortgagor may be sold on execution; (*Waters* v. *Stewart*, 1 *Caines' Cas. in Error*, 47.) but lands mortgaged cannot be sold under an execution against the mortgagee, before a foreclosure, though the estate of the mortgagee has become absolute at law. (*Jackson, ex dem. Norton.* v. *Willard*, 4 *Johns. Rep.* 41.) Our courts have, in this respect, gone further than the courts in *England*.

SPENCER, J. delivered the opinion of the court. The demandant's right to recover her dower depends on the nature of her husband's seisin. *Timothy Stow*, her husband, purchased the premises in question after his marriage with the plaintiff, and paid part of the consideration money ; and

(a) Vide *Tabele* v. *Tabele*, 1 *Johns. Ch. Rep.* 45.

for securing the residue, he, *at the time* of receiving his con-veyance, executed to the grantor a mortgage of the same premises.    After his death, the premises were sold under a , power contained in the mortgage, and the defendant holds under that sale.    The question to be decided is, whether there was such a seisin of the husband of the demandant, as to entitle her to dower.    This depends on the single point, whether the seisin of the husband was an instantaneous seisin or not.    If it was an instantaneous seisin, then, accord-ing to all the authorities, the wife is not endowable.    This general position is met with in all our books, that the hus-band's seisin for an instant, does not entitle the wife to dow-er.    This is exemplified by the case of *Amcotts* v. *Cathe-rick.* (*Cro. Jac.* 615.) There the husband, who was seised in special tail, made a deed of feoffment to the use of him-self for life, and after, to the use of his son in tail, and made a letter of attorney to make livery.    Before livery, he took the demandant to wife, and after livery was made to those uses, the husband died, and the question was, whether the wife was entitled to dower; and it was adjudged that she was not, for that the livery did not gain to the husband any new estate, but being, *eodem instanti*, drawn out of him, he gained no seisin whereof his wife was dowable ; for that having no estate before the feoffment, whereof the wife was dowable, he gained none by the feoffment of which his wife could be endowed.    Three cases were there put, in which the wife would not be entitled to dower, as where a tenant for life, or a joint tenant, makes a feoffment; so where a married man took a fine, and by the same fine rendered the land to an-other in tail, his wife shall not be endowed thereof ; be-cause, although he took it in fee, yet it is instantly out of him ; so if a feoffment be made to one and his heirs, to the use of another and his heirs, the wife of the trustee shall not be endowed, for he was the mere instrument, and had but an instantaneous seisin. (2 *Co.* 77.)

The case of *Nash* v. *Preston,* (*Cro. Car.* 190.) would seem, at first view, to be opposed to the proposition, that a deed to the purchaser, and a mortgage given back by him to the grantor, at the same time, would not entitle the wife of the purchaser to her dower ; yet it is observable, that the prin-ciple is admitted, that an instantaneous seisin of the husband

does not entitle the wife to dower. *Croke* admits, that if a husband take a fine *sur cognisance de droit come ceo*, and render arrear, although it was once the husband's, yet his wife shall not have dower, for it is in him and out of him, *quasi uno flatu*, and by one and the same act. That case does not state that the redemise was made at the same time with the bargain and sale, and I presume it was not. That case, therefore, does not bear on the general principle.

I am authorized to say, by the decision of this court in *Jackson* v. *Dunsbagh*, (1 *Johns. Cas.* 95.) that where two instruments are executed at the same time, between the same parties, relative to the same subject matter, they are to be taken in connection, as forming together the several parts of one agreement. I entirely agree in the opinion expressed by Ch. J. *Parsons*, in the case of *Holbrook* v. *Finney*, (4 *Mass. Rep.* 569.) that where a deed is given by the vendor of an estate, who takes back a mortgage to secure the purchase money, at the same time that he executes the deed, that there the deed and the mortgage are to be considered as parts of the same contract, as taking effect at the same instant, and as constituting but one act; in the same manner as a deed of defeasance forms, with the principal deed, to which it refers, but one contract, although it be by a distinct and separate instrument.

The substance of a conveyance, where land is mortgaged at the same time the deed is given, is this. The bargainor sells the land to the bargainee on condition that he pays the price at the stipulated time, and if he does not that the bargainor shall be reseised of it, free of the mortgage ; and whether this contract is contained in one and the same instrument, as it well may be, or in distinct instruments executed at the same instant, can make no possible difference. It is true that courts of equity have interposed to relieve the mortgagor against the accident of his nonpayment of the price, at the stipulated period. It is, also, true, that courts of law have considered the interest of the mortgagor as liable to be sold on execution. This, however, does not interfere with the question, as to how the contract between the original parties is to be viewed, as between themselves, when the equity of redemption is gone and forfeited.

The opinion which the court has formed, receives decisive

support, from the declaratory act of the 28th sess. ch. 99. It recites that whereas doubts have arisen whether mortgages given to secure the purchase money of land sold and conveyed, at the time of the execution of such mortgages, are to be preferred to judgments previously obtained against the mortgagors, for the removal whereof, it is enacted and declared, that whenever lands are sold and conveyed, and a mortgage is given by the purchaser at the same time, to secure the payment of the purchase money, such mortgage shall be preferred to any previous judgment which may have been obtained against such purchaser.

This statute conveys the sense of the legislature, that the seisin of the mortgagor, under the circumstances stated in the act, was a seisin for an instant only; for it cannot be doubted, that a judgment will attach on lands, of which the judgment debtor becomes seised at any time posterior to the judgment; and nothing could prevent a judgment creating a lien on the subsequently acquired lands of the judgment debtor, but the circumstance that his seisin, in the given case, was instantaneous. Surely, then, the analogous case of *dower* cannot stand on a better footing than a judgment unsatisfied. As a declaratory act, this statute is entitled to high respect; and it fortifies and supports the position, that the demandant's husband acquired, by the deed to him, a seisin, which he parted with *eo instanti* he acquired it, and that his wife is not endowable of the premises. The court are very well satisfied, that the law is so, for it would be extremely inequitable, in most cases, to claim dower on such purchases. We are, therefore, of opinion, that there must be judgment for the defendant.

THOMPSON, Ch. J. *dissented.* The demandant, as the widow of *Timothy Stow*, deceased, claims her dower in lands purchased by her late husband after their intermarriage. He paid part of the consideration money, and for securing the residue, mortgaged the lands. After his death, the mortgaged premises were sold pursuant to the statute, and purchased by the person under whom the defendant claims; and the only question is, whether the husband was so seised as to entitle his wife to dower.

In the case of *Hitchcock* v. *Harrington*, (6 *Johns. Rep.* 249.) this point was stated, but not decided by the court. It has long been considered the settled law in this state, that a mortgage is a mere security for money, and the mortgagor is to be deemed seised, notwithstanding the mortgage, as to all persons, except the mortgagee and his representatives. The seisin of the husband, in this case, cannot be considered that mere *instantaneous seisin*, which the books speak of as not being sufficient to entitle the wife to dower. Those are cases where the husband is a mere conduit pipe, or instrument of conveyance. This is evidently the meaning of Lord *Coke*, where the rule is laid down. (*Co. Lit.* 31. *b.*) It is more fully illustrated by Sir *Wm. Blackstone*, in his Commentaries, (vol. 2. 131.) where it is said, that the seisin of the husband, for a transitory instant only, when the same act which gives him the estate, conveys it, also, out of him ; as where, by a *fine*, land is granted to a man, and he immediately renders it back by the same fine, such a seisin will not entitle his wife to dower, for the land was merely *in transitu*, and never rested in the husband, his grant and render being one continued act. But if the land abides in him, for the interval of but a single moment, the wife shall be endowed thereof.

Where a title is conveyed to a person, and he gives back a mortgage, the fee is certainly vested in him, *substantially* and *beneficially*, and not nominally; otherwise, the mortgage back would convey no title. The case of *Nash* v. *Preston*, (*Cro. Car.* 190.) is very much in point, to show that the widow is entitled to her dower. There was a bargain and sale of land to the husband, under an agreement, that the bargainee was to redemise it to the bargainor and his wife, during their lives. The bargainee redemised and died, and his widow was considered entitled to dower. For, say the court, by the bargain and sale, the land is vested in the husband, and thereby the wife is entitled to her dower. This question of instantaneous seisin is well considered by *Gwillim*, in a note to the late edition of *Bacon*. (2 *Bac. Ab.* 371. note.) It is there said, that the proposition, that in the case of an *instantaneous seisin*, the wife shall not be endowed, though laid down broadly by *Coke*, is, by no

means, general ; he confines it to cases where the husband is a mere *instrument of passing the estate.* The transitory seisin gained by such an instrumentality is not enough to entitle the wife to dower ; but when the land abides in the husband, for a single moment, as is said by Sir *Wm. Blackstone,* or as a later writer explains it, (*Preston on Estates,* tit. *Dower,*) when he has a seisin for an instant, *beneficially for his own use,* the title to dower shall arise in favour of his wife. The case of *Holbrook* v. *Finney,* (4 *Mass. Rep.* 566.) has been cited, and relied upon, as in point against the claim of dower. Whatever respect may be due to the opinion of Ch. J. *Parsons,* he certainly stands unsupported by any adjudged cases to be found in the *English* books, or by any elementary writer, when fairly explained. In none of the cases referred to by him in his opinion was the husband ever *beneficially* seised, for an instant ; and the distinction which he attempts to make between the case of *Nash* and *Preston,* and the one before him, is certainly not well founded. In the case of *Nash* and *Preston,* the redemising was a part of the original agreement ; yet the wife of the bargainee was held entitled to dower. So in *Holbrook* and *Finney,* the deed and mortgage were executed in pursuance of a previous agreement to the same effect, made between the parties. The two cases, therefore, in this respect, are alike. Ch. J. *Parsons* seems fully to admit the law as laid down in *Nash* and *Preston ;* and it is a little difficult to understand what he means, by saying that the giving the deed, and taking the mortgage back, constitute but one act, unless the two deeds, being parts of the same contract, are but one act. But whatever importance may be attached to this circumstance, the argument cannot be applied to the case before us, because, it formed no part of the original agreement, that a mortgage was to be given back.

I do not see how our statute, to prevent judgments having a preference to mortgages given to secure the purchase money, can in any manner affect this question. It is true, that the first act, (sess. 28. ch. 99.) contained a recital, purporting that doubts had arisen, whether mortgages given to secure the purchase money of lands sold and conveyed at

the time of the execution of such mortgages, are to be pre- NEW-YORK,
ferred to judgments previously obtained against the mort- October, 818.
gagors, and then provides for giving a preference to mort- MECHANICS' &
gages thus taken. But this act has no relation to mort- FARMERS'BANK
gages, in any other respect, than to give them a preference v.
to judgments in that particular case. And it is to be ob- CAPRON.
served, that the right to sell land under a judgment, the
*lien* created by such judgment, and the time such lien is to
take effect, are all matters of statute regulation. This act
only modifies the former statute, and suspends the *lien* of
judgments in such particular cases. But the right to dower
depends on different principles. It would, no doubt, be
competent to the legislature, to take away or regulate the
claim to dower, in cases like the present; but until that is
done, we must be governed by the common law rules
on this subject; according to which, I see no grounds
upon which the claim to dower in this case can be resisted.
I am, accordingly, of opinion, that the demandant is entitled
to judgment.

*Sed per Curiam.*
Judgment for the defendant.