The opinion of the court was delivered by
Duncan, J.
The question raised on this record, is, whether Ft. C. Reed, the husband of the demandant, was seized, possessed, or had such title to the premises, as to give to her a right of dower ? The court charged the jury that the husband was not so’ seized.
John Penn and John Penn, jr., being seized in fee, conveyed by their attorney, on the 27th of March, 1794, a tract of land, comprehending the lot in. dispute, to A. C. Reed in fee; and, to secure the purchase money, or part of it, Reed on the same day, mortgaged it to them. The demandant was the wife of Reed at that time. The mortgage was satisfied before the action was brought.
The argument is, that by the common law the widow is not dowable of an equity of redemption; that the seizin must be a legal one, and that the legal seizin is in the mortgagee. This is a harsh doctrine of the common law. In England, where the rule still subsists, its injustice has been acknowledged; and it has been followed up more from a slavish adherence to a hasty precedent, than from any principle. But we have nothing to do with English decisions on this subject. We have a law of our own for our guide, and by that law the wife is endowable of trusts, and of equitable estates. Now, though in a court of law the mortgagee is every thing, yet in a court of equity the mortgagor is every thing,'before foreclosure; and the mortgagee, nothing, except so far as is necessary to secure his debt. It would in this state be a'most immoral principle to hold, that a widow was not endowable of a trust or equitable estate. Some years ago, more than one half the land in many counties were such estates. They were held by settlement rights, or under locations and warrrants, where the purchase money had not been paid, and the Commonwealth held the legal title and seizin; and many, very many, are still so held. In Kelly v. Mahan, 2 Yeates, 515., it was decided, that the widow was entitled to dower out of her husband’s settlement right. Indeed it had been always considered that she was, in every particular. Trusts, whe- *21 tber declared or resulting, our courts considered as equivalent to the legal ownership; and in Shoemaker v. Walker, 2 Serg. & Rawle, 555, it was held, that a wife is dowable of a trust estate, as a husband is tenant by the curtesy, and the husband is tenant by the curtesy where there is no seizin in fact. The truth is, that the doctrine of seizin is little known here, because it is inconsistent with the genius and spirit of our laws, which give a free scope to the alienation and transfer of property, untramelled with the feudal doctrine of investiture and its concomitants; and with us seisin is, for many substantial purposes, the beneficial interest and right of ownership.
The widow’s right to dower, though much respected, is liable to be defeated by a judicial sale for the payment of debts; and on a mortgage, after coverture, not executed by the wife, by a sale on judicial process, her dower is defeated. If such sale is made after the husband’s death, and her right of dower attached, she has an interest in the surplus; and, in lieu of dower, would be entitled to one-third of such surplus during life. And, in case of an outstanding mortgage, where there are not other assets for the payment of debts, she is bound to contribute rateably to the redemption of the mortgage. In Titus v. Nelson, 5 Johns. Ch. 452, it was held, that the mortgagor, in respect of all the world but the mortgagee, continues seized in law, so long as the mortgagee has not exerted his right of entry or foreclosure under the mortgage; and that such seisin is sufficient for the wife’s dower. .
Subject to the payment of the mortgage money, the seizin of the husband continues after the execution of the mortgage. In Virginia, until 1785, by statute, the wife was not dowable of a trust or equitable estate, 8 Hen. & Munf. 323. Heth v. Cocke, 1 Randolph, 346; nor of an estate mortgaged by the husband before marriage, but the statute put dower and curtesy on the same footing.
But it is contended, that here the estate never vested in the husband; that, eo inslanti, he obtained the seisin by the conveyance, he was disseized by the execution of the mortgage, and this distinction was adopted by the court. However specious this may appear at first glance, yet a little reflection will be sufficient to show its unsoundness; for, until a sale, the seisin continued in Reed, giving the mortgagee a right to coerce payment by Levari facias, which is, for this purpose, to be considered in the nature of foreclosure. But the actual seisin of the husband could never be divested, until a year after the last instalment became due; no scire facias could issue on the mortgage; and the mortgagor, if living, could redeem before such sale; his widow could redeem after his death. The seisin of the husband, for a transitory instant, will entitle the wife to dower; but where the same act which gives him the estate, conveys the whole out of him, such a seisin will not entitle the wife to dower; as, where the land is granted to a man by fine, and he immediately renders it back again by fine; for there the land *22 was merely in transitu, and never vested in the husband; the grant and render, being one entire act. But if it abides in him for the interval of but one single moment, the wife is endowable. 2 Bl. 131. The doctrine of seisin was extended very far by a jury in Wales, where the father and son were both hanged in one cart; but the son was supposed to have survived the father, by appearing’ to struggle the longest, whereby he became seized of an estate in fee by survivorship; in consequence of which seisin his widow had a verdict for her dower. Cro. El. 503.
There is no rule better founded in law, reason, and convenience than this, — that all the several parts and ceremonies necessary to complete a conveyance, shall be taken together as one act, and operate from the substantial part by relation. 5 Burr. 2787. And this is the principle on which the cases from Massachusetts and New York, which were the grounds of the court’s opinion, were decided. Holbrook v. Finny, 4 Mass. 569, was the case of a mortgage to secure the purchase money; so, as between the mortgagor and the widow they were acts .of the same instant, and part of the same conveyance. It was part of the original contract, and just the same thing as if contained in the same instrument; in the same manner as a deed of defeazance forms with the principal deed but one contract, though it be by a distinct and separate instrument. And, in Stow v. Tift, 15 Johns. 463, the distinction is taken by Chief Justice Spences., between a subsequent mortgage, and where the mortgage is executed to secure the purchase money. In the last case, the bargainor sells the land to the bargainee, on condition that he pays the price at the stipulated time; and, if he does not, that the bargainor shall be re-seized of it, free from the mortgage; and whether the contract is contained in one and the same instrument, as it well may be, orín distinct instruments executed at the same instant, can make no possible difference. To this distinction I assent; though Judge Thompson differed from the majority of the court, for he confines the instantaneous seisin to cases, where the husband is but the mere instrument to pass the estate; but where he has a seisin for an instant beneficially, to his own use, he held the title to dower arose in the w’ife. In that case, the tenant derived his title by a sale under the mortgage. And in Coutes v. Cleaver, 1 Cowen, 476, it is said, that even with respect to dower and mortgage, it is not a legal title which a stranger can setup; it can only be used bjr the mortgagee and his representatives. And it was there held, that where a tenant in possession enters by virtue of a purchase from the mortgagor, there the subsequent purchase of the mortgage by him is an extinguishment, and the widow’s right relates back to the purchase by her husband, and she shall recover; but where the tenant enters by virtue of a foreclosure, or after forfeiture for non-payment of the money, then the estate is deemed never to have vested in the husband, and the widow is not entitled to dower. This doctrine was laid down, where the *23 mortgage was for the purchase money, and contemporaneous with the conveyance. Here the husband became beneficially the owner after the mortgage, and the mortgage was merely a debt secured by the instrument; for in the Lessee of Simpson v. Ammons, 1 Binn. 175, in this court, it was held that the assignee of an administrator of a mortgagee, might maintain an ejectment. Here the husband was not only seized for an instant, but continually seized beneficially for his own use, up to the sale by TannehiU.
If the mortgage had not been paid, the widow would have been entitled to dower on paying the purchase money; the heir or purchaser, being bound to contribute to her. But the mortgage was satisfied, and did not stand in her way. In this part of the charge, there was therefore error, and the judgment must be reversed: but in the admission of all the evidence, and the manner in which it was left to the jury, this court entirely agree with the Court of Common Pleas;
In equity, how would this stand? The estate was not the wife’s; her dower interest was subject to the payment of the husband’s debts. For the purpose of paying these debts, she joins with her husband in a power of attorney, to Mr. TannehiU, to sell and pay these debts. The sales are made in her husband’s lifetime; and she, as is alleged, after her husband’s death, calls this attorney in fact to a'V'muit for the proceeds of the sale, after payment of the debts, and the surplus, as further is alleged, is paid to her or to her use; and years after, she says she did not acknowledge the power of attorney, according to the direction of the law; and that she will take advantage of this mistake and irregularity, and overthrow, as far as she can, all that has been honestly done, — done with her actual consent, and which, if she had not consented to it, the law would have compelled without her consent, — a forced sale for the payment of her husband’s debts. It is now settled, that in order to bar dower, the conveyance must be separately acknowledged by the wife; though a judge of great experience, Mr. Justice Yeates, in Kirk v. Dean, held a different opinion: but still, in conscience, there is a difference between that case, and where the conveyance is of the wife’s own estate, not subject to the payment of her husband’s debts.
Dower is said to be a moral right; but in this case, if the fact be so, that the surplus of the sale went to her use and support after her husband’s death, with her knowledge, which is for a jury to decide, I think equity would interpose. It is as strong an equity, as if she had stood by and seen the estate pass to an innocent purchaser; and she would, as to him, be guilty of a fraud and concealment, which would justify the interposition of a court of equity. Heth v. Coche and Wife, 1 Randolph, 354. But the defence of the tenant is of a higher nature; it is a defence at law: the demandant is a party to the sale, by the power of attorney. Now, on a lease of lands by husband and wife, this lease is void *24 able by her; but it is confirmed by the acceptance of rent, or other acts of confirmation. 7 Johns. 81. 2 Saund. 180. It is not well settled whether any act could amount -to a confirmation, where she was no party to the transaction. But a re-delivery by feme' after the death of baron, of a deed executed to her whilst under cover-ture, is equivalent to a new grant, and binds her without being re-executed or re-attested; and circumstances alone may amount to such re-delivery, though the original deed were a joint deed by baron and feme, affecting her land and no fine levied. Goodnight v. Straphan, Cowp. 201. The evidence in that case of confirmation, was an account stated, consisting, among other articles, of a receipt for the rent of a house, out of which was deducted an article for interest due, a balance struck, and signed by him. This was held to amount to an acknowledgment that the deed was hers, and that she was content the defendant should enjoy according to the terms of the deed. Now her calling on Mr. Tannehill for a settlement of his transactions respecting the trust deed, and of the proceeds of the sale under it, and receiving the balance, would be an agreement and a clear acknowledgment, that the power of attorney was hers, and that the purchaser should hold under it. Whether there was evidence of this, was for the jury, and was fairly left to them. Slight acts of the wife after the death of her husband will amount to a confirmation, although a feme covert can only convey by fine. Dudley v. Summer, 5 Mass. 454. But, for the reason first stated, the judgment is reversed, and a venire facias de novo awarded. ,
Judgment reversed, and a venire facias de novo awarded.