Wilde J.
If a widow be dowable of an equity, as was determined in the case of Snow v. Stevens, 15 Mass. R 278, it follows conclusively that she is entitled to redeem the mortgage ;[1] and if she has this right in the estate of her husband, it would be a strange anomaly if she had not as much right in her own inheritance. The husband by marriage acquires no right in the inheritance of the wife, he is only entitled to the possession, and the pernancy of the profits, during coverture. He cannot alienate her real estate, or charge it with his debts, without her consent. And if she consents so to charge it, and joins her husband in a mortgage for that purpose, the equity of redemption goes to the wife. The equity is inherent in the land, and as the estate was held before the mortgage, so is the equity after. If there is a legal performance of the condition, the estate revests without the aid of a court of equity; and if there is an equitable performance, the court will decree a restoration of the estate; and in neither case does the husband acquire any new right. So if A mortgages his estate to B, to secure a debt due from C, and C pays the money at the time stipulated in the condition, the estate ipso facto revests in A. Or if C fails to pay the money, A has a right to redeem the *552 mortgage. C in such á case can acquire no title in ttie estate mortgaged, by the legal or equitable performance of the condition ; neither can the husband acquire any new title in the estate of his wife by redeeming it from a mortgage; nor can a creditor of the husband, by attaching the equity and purchasing it on sale by virtue of an execution, acquire any great er right than the husband had before the sale. He would in such case have a right to redeem, and to hold the estate during the life of the husband, but no longer. A mortgage does not operate as an alienation, except to the extent of the money borrowed or debt secured. Powell, 741, 742. It is laid down in Rol. Abr. 344, Baron and Feme, G, pl. 15, that if a woman possessed of a term takes a husband, and he grants the term upon condition, that if he, his executor, or administrator, pay £10, he shall re-enter, and afterwards he pays the £10, this is no disposition, but he shall be possessed in right of his wife. From these principles and authorities it is clear that the plaintiff has the right to redeem. The estate mortgaged was her estate, and no one has now any right or title to it excepting herself and the mortgagee. Since the death of the plaintiff’s husband the defendant can claim nothing as purchaser of the equity.
This is not a case to which the doctrine of tacking would apply, even in an English court of equity ; for no case can be found, where the husband and wife join in a mortgage of her estate, that he has been allowed by his own act to charge the estate beyond the sum secured by the mortgage. And besides, the doctrine of tacking is not admissible in our courts, it being inconsistent with the statute providing for the registry of deeds,«which establishes a different principle of priority,[1] and also the statute which prescribes the terms on which the mortgager is entitled to redeem. We are of opinion, *553 therefore, as the plaintiff has duly tendered the sum due on the mortgage, she is entitled to a decree in her favor for possession.

 See Gibson v. Crehore, 3 Pick. 475 ; Same v. Same, 5 Pick. 146 ; Carll v. Butman, 7 Greenl. 102. Fisk v. Fisk, 1 Connect. 566 ; Southerin v. Mendum, 5 N. Hamp. R. 431 ; Collins v. Torrey, 7 Johns. R. 278 ; Coles v. Coles, 15 Johns. R. 319 ; Montgomery v. Bruere, 2 Southard, 865 ; Reed v. Morrison, 12 Serg. & Rawle, 18 ; Heth v. Cocke, 1 Randolph, 344 ; Smiley v. Wright, 2 Ohio R. 507 ; Claiborne v. Henderson, 3 Hen. & Munf. 322 ; Crafts v. Crafts, 2 M'Cord, 54 ; Walker v. Griswold, 6 Pick. 416 ; Jackson v. Dewitt, 6 Cowen, 316 ; Russell v Austin, 1 Paige, 192.

 See Grant v. United States Bank, 1 Caines’s Ca. in Error, 112 ; Latouch v. Ld. Dunsany,1 Sch. & Lefr. 157 ; Bond v. Hopkins, ibid. 430 ; Anderson v. Neff, 13 Serg. & Rawle, 223 ; Colquhon v. Athinsons, 6 Munf. 550, M'Neil v. Cahill, 2 Bligh, 228 ; Peters v. Goodrich, 3 Connect. R. 346 ; Lasselle v Barnett, 1 Blackford, 153.
A mortgager, in Maryland, who goes into chancery to redeem, will only be permitted to do so, upon the payment of the mortgage, and all other delta due from him to the mortgagee. Lee v. Stone, 5 Grill &. Johns, 1