Judge Miles
delivered the Opinion of the Court.
Robert G. Luckett was a partner in trade, in the firm of Steele and Luckett, consisting of him self and Adam Steele, and also in the firm of Steele, Hardin, & Co., which consisted of himself, said Adam Steele and Henry C. Hardin, and each of these co-partnerships became considerably indebted to oilier persons. Adam Steele agreed with the said Luckett to assume and pay the creditors, the said Luckett’s proportion of these debts, which were ascertained, and to procure his discharge therefrom and in consideration of this agreement Luckett agreed to convey to Steele a house and lot in Shelbyville, which Steele agreed to convey in trust, to secure these same partnership demands, and also some debts due from Steele in his own right, to other creditors. in pursuance of tins agreement, Luckett conveyed the house and lot to Specie, and Steele at. *340 the same time conveyed the lot to a trustee for the purpose aforesaid.
Steele dies, the creditors foreclose and sell, and the widow claims dower.
Case agreed between the widow and creditors.
Decree of the circuit court.
Ground relied on against the dower.
Grounds for the dower.
Steele failed, and the creditors secured by this deed, filed their bill in equity, and compelled a sale of the. estate. Before that time Steele had departed this life, and his widow, who had not united with him in the deed to the trustee, claimed her dower in the house and lot, which the creditors by their agent contested.
But to enhance the sale of the estate, it was agreed between the agent and the widow that her dower was of a certain value in money, and that she should receive that sum, if thereafter she could sustain her claim of dower. To try her claim, the parties filed an agreed case, in lien of pleadings and proof in equity, submitting her claim to dower to the decision of the chancellor, and agreeing, that if the court should be of opinion that she was entitled to dower, the stipulated sum of money should be decreed to her.
The court decreed in her favour, and the opposite party has appealed.
By the appellants it is said that the execution of the two conveyances, the one from Lockett to Adam Steele, and the other from Steele to the trustee, were acts done in performance of one agreement at the same time, and both acts were component parts of one fulfilment; of the contract, and as it was the agreement that the title should barely pass through Adam Steele, and the execution of the conveyances were simultaneous, his seizin was too momentary to entitle his widow to dower, in support of this position, 2 Black, Com. 131-132, 2 Jac. Law Dic. 313, title Dower; 1 Cruise Dig. 142, Stow vs. Tift, 15 John. 464, and Halbrook vs. Finnie, 4 Mass. Rep. 563, are relied upon.
On the contrary, it is insisted that the enquiry ought not to rest so much upon previous agreements, that the title should pass on, and not. dwell in tho husband, or on the length of time it may rest in its, passage; but on the beneficial interest secured to *341 the husband by the deed, whether be was a bare trustee, or could take any thing in the estate for his individual use. And to support this position sundry English authorities are cited.
Widow’s claim to dower depends on whether the seizin of the husband was beneficial, or in trust only, and not on the time title remained in him.
Authorities on the question of dower examined.
Between these conflicting opinions of instantaneous seizin, and previous agreements on the one hand, and beneficial seizin on the other, the court cannot hesitate to choose the latter, as the most certain and rational principle, applicable to all cases. If by the conveyance, the husband can take any thing, which he can use for his peculiar benefit, it seems necessarily to follow that his wife and family would acquire an interest therein. On the contrary, if he was the mere instrument, the conduit pipe to pass the interest of others, passing through him in an instant, as it were uno flaiu, it seems as dearly to follow that neither he or his wife could apply any part of it to their own use.
It is trim that Blackstonc, Jacob and Cruise, do seem to rest the case on the instantaneous seizin of the husband, or whether the title rested but a moment. But the cases used by them to illustrate the principle, are chiefly the conveyance and re-conveyance made use of in fines, where the whole intention of the transaction, by a device in law, is to defeat a limitation, to operate exclusively to the benefit of the first grantor. Besides we well know that although the title may remain not only an instant, but even days and years in a mere trustee, his wife cannot thereby acquire a right to dower in the estate, which will be enforced in a court of equity. Hence it appears that these luminaries of the law have laid down the rule, in Words taken in their literal sense capable of being construed too broad, for the safety of the real principle which governs such cases — that is, the beneficial seizin of the husband. And Gwillim in bis edition of Bacon, 2 vol. 371, title dower, letter o. in a vesy sensible note cited at bar, has limited the operation of the rule laid down by Blackstone, or shewn that although it is laid down in broad terms its operation is not general, that in some cases it is true, and that no ini crest would accrue to the wife, while the title was in transitu, in *342 others, owing to the beneficial seizin of the bus-band, her claim would adhere to the title, however expeditious her husband might be, in using the pen, in passing away, at the same .moment, the interest be had just received. On tins principle the case of Nash vs. Preston, Cro. Charles 190, used at bar, was decided, and it, as was well said in this argument, was a leading case in the English courts, and has since been followed in such a series of cases, that the rule is too well fortified to be now overturned.
New York and Massachusetts decisions against the dower not approved.
One partner conveyed the land to the other, in consideration of his undertaking to pay the partnership debts, and that he would convey it in trust, for that purpose, which he did, and died, and the creditors foreclosed and sold the land; the widow shall have dower.
*342 It must be admitted that the two cases cited by the appellant’s counsel, the one from New York, and the other from Massachusetts, do seem lo rest the claim of the widow, or rather the defeat of her claim, not so much on the beneficial interest which the husband acquired by the deed, as on the previous agreement that the title- should not rest in hint, and the rapidity with which he passed it away. In the first of these cases the court was not unanimous. Neither of them are obligatory upon this court, though both from the high standing of the judges by whom they were delivered, are entitled to respect, and so much weight, and that only, as they may bear by shedding light upon the controversy, and sustain their positions by sound reason. But however desirable, it may lie that the courts of these sister states, bound to us. by a strong, and we trust, indissoluble tie, should harmonize with each other, yet it is well known that their codes are sometimes essentially different, in their municipal concerns one took more, -another less of the common law code, derived from Great .Britain, and, therefore, the decisions of the courts of one, cannot form obligatory precedents upon the courts of another. And while we are not compelled to yield to such authority, unless compelled by oue own convictions, we cannot do so in this instance, because we are convinced that the opposite principio, is the most sensible, sound and intelligible, and most consistent with the common law at the period which we adopted it as our rule.
Testing the claim of the widow, in this contre *343 versy, by these principles, it is easily decided. Her husband took the title, by an absolute deed, and although be conveyed it away m a moment, yet be only conveyed it with a right of redemption, which if exercised made it forever his. And was entitled not only to the residue, of the price after the debts were discharged out of its value, but many of these debts were absolutely his own, in which Luckett was not bound. He was bound jointly for Luckett’s debts, secured by the, deed. By his conveyance from Luckett, he did not acquire an estate to be placed in security for these debts only, but also a fund to secure and satisfy his own debts, with which Luckett had no concern. The conveyance, therefore, to the trustee may be said to be a conveyance in trust, at least in part, for the use of himself. Under such circumstances we have no hesitation in deciding that his widow was entitled to dower,
Crittenden, for appellant; Mayes, for appellee.
The decree must, consequently, be affirmed, with costs and damages.