Smith *v.* Eustis & al.

## SMITH *vs.* EUSTIS & al.

The wife of a mortgagor is dowable of the equity of redemption ; and may enforce her claim by writ of dower at common law, against all persons but the mortgagee. Against *him,* her remedy is by bill in equity.

And though she joined with her husband in the mortgage, releasing to the mortgagee her right of dower, yet the release enures only to the benefit of the mortgagee and his assigns.

THIS was a writ of dower *unde nihil habet,* and came before the court upon a case stated by the parties.

The premises were purchased of *John Sewall,* by the husband of the demandant, *Jan.* 3, 1817, and at the same time mortgaged to

*Sewall* to secure payment of the purchase-money ; the demandant joining with her husband in the deed of mortgage, by releasing her right of dower, in the usual form. The husband paid more than half the purchase-money ; his right in equity was then taken and sold on execution at a sheriff's sale, under which the tenants claimed title ; after which the husband died insolvent. The tenants had subsequently paid three hundred dollars of the money due on the mortgage ; which is still in force, the balance remaining unpaid.

*W. W. Fuller* argued for the demandant, citing *Pixley v. Bennett*, 11 *Mass.* 298 ; *Bancroft v. White*, 1 *Caines* 185 ; *Gibson v. Crehore*, 3 *Pick.* 481 ; 5 *Pick.* 149 ; *Fish v. Fish*, 1 *Conn.* 560 ; *Collins v. Torrey*, 7 *Johns.* 278.

*Allen*, for the tenant, insisted—1st. That the husband was not seised of any estate of which the wife could be endowed, his seisin being merely instantaneous. *Holbrook v. Finney*, 4 *Mass.* 566.— 2d. That if he had been, yet her remedy in this case is not by action at common law, but by bill in equity. *Gibson v. Crehore*, 3 *Pick.* 483.—3d. That she has no right to dower till she has paid off the mortgage. Until that event, the tenants have a right to set up the mortgage deed against her, by way of estoppel. *Popkin v. Bumstead*, 8 *Mass.* 491 ; *Snow v. Stevens*, 15 *Mass.* 278 ; *Barker v. Parker*, 17 *Mass.* 564.

MELLEN C. J. after stating the facts of the case, delivered the opinion of the Court as follows :

*Smith*, by the operation of *Sewall's* deed to him and the mortgage to *Sewall*, had only an instantaneous seisin of the legal estate, which, according to the decision in *Holbrook v. Finney*, 4 *Mass.* 561, and *Stow v. Tifft*, 15 *Johns.* 458, does not entitle a woman to dower ; and so the law seems to have been understood and administered in Massachusetts until the year 1816, when it was decided in the case of *Bolton v. Ballard*, 13 *Mass.* 227, that a woman was dowable of an equity of redemption. Since which time the same principle has been recognized, and is now established law in that Commonwealth. *Snow v. Stevens*, 15 *Mass.* 278 ; *Gibson v. Crehore*, 3 *Pick.* 475 ; *Walker v. Falley*, 6 *Pick.* 416. This be--

ing the settled law in Massachusetts before our separation and independence as a State, and the statute respecting dower having been re-enacted by our own legislature, without any alteration in the above particular, we may and ought to consider the re-enactment as a legislative adoption of the construction given by the Supreme Judicial Court of Massachusetts five years before. We have generally governed ourselves by this principle. It appears then that the plaintiff's late husband, during the coverture owned the equity of redemption of said estate, until it was sold for payment of one of his debts.

The next question is whether, according to the facts of the case, the plaintiff is entitled to maintain the present action. According to several of the cases cited, it is settled that a woman may enforce at law her claim of dower of an equity against any one, except the mortgagee and those holding under him ; but against such mortgagee and those claiming under him, her only remedy is by a bill in equity. In the case before us, the defendants have no connexion with the mortgagee or his executors; they hold only under the deceased husband.

The remaining inquiry is whether her relinquishment of her right of dower to *Sewall* the mortgagee, interposes any objection to her maintaining the present action. In the before mentioned case of *Walker v. Griswold,* the wife had released her right of dower to the mortgagee. The court say " This release was co-extensive with the mortgage ; it extended no further ; and consequently the right of dower continued, subject only to that incumbrance." The mortgage was then existing, in that case, as it is in the present. In the case of *Barker v. Parker,* 17 *Mass.* 564, a case almost exactly similar to the one we are considering, the right to redeem the equity which had been sold was gone by lapse of time ; but the court say, " When the husband has been seised of such an estate" (an equity of redemption) " during the coverture, his widow is dowable, and she may have a right to redeem the same."

Upon the grounds, and for the reasons before-mentioned, our opinion is that the action is maintainable.

*Judgment for demandant.*