Greekt, J.
delivered the opinion of the court.
In this case, the complainants, who are judgment creditors of G. M. D. Cantrell, seek to subject an equitable estate, which has fallen to him since the rendition of their judments, to the satisfaction thereof.
The defendant Cassaday resists this claim, on the ground *662 that he also is a judgment creditor of Cantrell, and in satisfaction of his judgment has received from Cantrell an assignment of all his interest in the estate in question. All the com--plainants’ judgments are older than the judgment of Cassaday, and they insist that they have an equitable lien by virtue of their judgments, upon the equitable estate of Cantrell, superior to the junior judgment of Cassaday, or the assignment of Cantrell to him. The counsel for the complainants do not insist that the interest of Cantrell is a trust of such a character, as that an execution at law would have enabled them to seize and sell it, but they say, that a judgment creates a lien, to be asserted, in a court of chancery, upon equitable estates, co-extensive with the lien, which at law exists upon legal estates.
This proposition the counsel for the defendant, Cassaday, ' denies, and this is the first question for our consideration. In Preston on Property, (3d part 326) it is said: “In the contemplation of a court of equity, a judgment is binding on trust estates, as on legal estates.” And again, (p. 327:) “As against trust estates, and equities of redemption, judgments afford only an equitable lien, and such interest or lien may be discharged by a purchase for a valuable consideration without notice.” Thus according to this learned author, a judgment creates a lien, which a court of equity will enforce upon equitable estates, without the issuance and return of a fi. fa. The only difference as laid down by him, in the page last quoted is, that where a judgment creates a lien upon legal estates, the judgment creditor may pursue his remedy without regard to the point of notice, and notwithstanding a bona fide sale without notice, while the purchaser of an equitable estate without notice, would take it discharged from the lien of the judgment.
So in Sugden on Vendors, (9 Ed. 616,) it is laid down, “that a judgment is' a lien in equity, and that by the first principles of a court of equity, a purchaser with notice of any incumbrance, is bound 'by it, in the same manner as the person was of whom he purchased.” See also, Tunstall vs. Trappes, 5 Cond. Ch. Rep. 123, 129, 15 Vesey 419, 4 Maddox 503. In the case of McNairy vs. Eastland, (10 Yerg. R.) this court decided that a bill might be brought by a judgment creditor, to subject the *663 equitable estate of the debtor, without showing that an execution at law had been returned, milla lona, before the bill was filed. And this opinion proceeded .upon the express ground that the judgment was a lien upon the equitable estate. In favor of the elder judgment a legal priority is preserved in equity. 10 John. R. 722. But it is said, that as the estate in question was acquired by Cantrell, after the rendition of all the judgments in favor of complainants, they do not bind it. In Sug-den on Vendors, (621) it is laid down, that judgments do bind after acquired lands. Preston (3d part 326) says: “When a judgment is duly docketed it is binding at that time on all the lands of the owner, and on all the lands he shall afterwards acquire by purchase, or descent.” Such is also the doctrine in New York. 15 John. Rep. 464. Butin Pennsylvania a different rule prevails. In the case of Calhoun vs. Snyder, (6 Binn. 138) it is said, the authorities cited in the note in Sugden, do not warrant the doctrine laid down by him. We have not access to those books, but we feel safe in yielding to the high authority of Preston and Sugden. And indeed it seems to us that the symmetry of the law requires that we should hold the doctrine laid down by them. We are of opinion, therefore, that a judgment will bind after acquired lands of the debtor. But our acts of assembly limit the operation of this lien, and prescribe the time and manner within which it may be made effectual. By the act of 1831, ch. 90, sec. 7, (Car. & Nick. 419) it is declared, that all judgments in a court of record, shall be a lien on the debtor’s land from the date of their rendition, provided an execution is taken out and the land sold within twelve months. We think a just construction of this act of assembly, would give, in relation to after acquired lands, twelve months from the time the title may accrue to the debtor, within which the creditor may make his lien effectual, by a levy and sale.
The act of 1832, ch. 11, sec. 3, (Car. & Nic. 223,) provides, that: “A judgment or execution at law, shall not bind equitable interest in real estate or other property, or legal or equitable interest in stock, or choses in action, unless a memorandum of said judgment, stating the amount and daté thereof, with the names of the p'arties, be registered in the register’s office of the *664 county where the real estate is situated, in cases where real estate is tobe subjected, and all other cases, in the county where the debtor resides, within sixty days from the rendition of said judgment, and the lien shall cease, unless the bill in equity to enforce said lien, is filed within ten days from the time of the return of the execution unsatisfied.” Here, the unlimited lien which the law previously gave, is circumscribed, and made to depend upon several acts to be done by the creditor, who might wish to enforce it. He must register his judgment in the county where the land lies, in sixty days from the time of the rendition thereof, and he most file his bill to enforce the lien in ten days after the return of the execution unsatisfied. Unless these things be done, the statute expressly declares, that a judgment oi'-execution at law, shall not bind equitable interest in real estate.
But in relation to after acquired equitable estates, the rule of construction of this statute must be the same-as the one we have indicated in relation to the act of 1831, applicable to legal estates. If the judgment be registered in sixty days after the lands are acquired, and the bill be filed in ten days after the return of an execution unsatisfied, we think it would give to the prior judgment a superior lien to a subsequent one, and one that might be enforced against a purchaser with notice of such judgment. It cannot be assumed, that because the case of a judgment rendered more than sixty days before the equitable title to the estate was acquired by the debtor, is not within the words of this act, such case is not to be operated upon by the act at all, and the lien is to continue without limitation, as though no statute existed on the subject. The act expressly declares, that a judgment at law shall not bind equitable interest in real estate, unless the same be registered,- and the bill be filed within the time prescribed. Now, although the case of a judgment more than sixty days before the estate comes to the debtor, is not within the words of the act, so as to give the creditor the lien therein, conferred; yet it is within the prohibitory words, so as to deprive him of the lien. If, therefore, such judgment becomes a lien upon such estate at all, it must be by an equitable construction of the statute; and in construing the *665 case within the statute, it must be subject to all requisitions that are imposed upon those whose judgments are rendered against persons then entitled to equitable estates. We understand this statute to mean, that as' against a junior judgment, properly registered, and proceeded on as the act directs, or a purchaser for value without regard tojnotice a judgment credr itor, who has not complied with the requisitions of the statute, has lost his priority of satisfaction. As against the debtor or volunteers under him, it was not intended to operate.
Independently of this statute, a bona fide purchaser, without notice, would hold an equitable estate against a judgment creditor of the vendor. The judgment bound the equitable interest against those purchasers, only, who had notice of its existence. But the statute comes with a prohibition of the rule that previously prevailed. It says the judgment shall not bind equitable estates, unless the judgment be registered and the bill filed in the time prescribed. Any creditor or purchaser who may acquire the estate can now resist the claim of a prior judgment creditor who has not complied with the statute.
We think, therefore, that the defendant, Casseday, himself being a judgment creditor, and having a right to register his judgment, and file his bill to subject this interest to the payment of his debt, had a right to receive the assignment in satisfaction of his judgment, and having thus acquired the estate, giving its full value, he is entitled to hold it in preference to older judgment creditors, who have failed to adopt the proceedings required by the act of assembly without being required to show he purchased without notice of the complainants’ judgment.
Let the decree be reversed, and the bill dismissed.