THE FARMERS' LOAN AND TRUST COMPANY v. THE PEOPLE
OF THE STATE OF NEW-YORK.

Where an alien purchased land in fee, and at the same time mortgaged it to the
vendors for the purchase money, and it was subsequently escheated to the People
of the State ; it was held that the title of the People was subject to the lien of the
mortgage.
The purchaser in such a case, acquires only an instantaneous seisin in reference to
the mortgage, which is in him and out of him by the same breath.
    Sept. 29 ; Sept. 30, 1843.

THE bill was filed to foreclose a mortgage executed by Rich-
ard Brown to the complainants on the 1st day of January, 1840.
The mortgage was given for the purchase money of the lands
included in it, which were conveyed to Brown by the com-
plainants at the time the mortgage was executed.  Brown after-
wards died intestate, leaving no heirs, or widow, or other person
entitled to claim the premises.  The people, alleging that he
was an alien, instituted proceedings and recovered the lands in
ejectment, as having escheated by reason of such alienage.
It did not appear who was the defendant in the ejectment ; but
it was conceded that Brown was an alien.

The Attorney General by his answer submitted the rights of
the State to the decision of the court ;. at the same time insisting
that by force of the escheat, the people are the owners in
possession of the premises, free and clear of the lien of the
mortgage.

William Curtis Noyes, for the complainants.

The Attorney General, (George P. Barker, Esq.,) for the
defendants.

THE ASSISTANT VICE-CHANCELLOR.—I do not find that,
at common law, the sovereign took lands escheated by reason
of the alienage of the last owner, subject to the alien's incum-

brances thereon.   This would be inconsistent with the principle that an alien cannot hold freehold estates.   His title when divested is made of no force, *ab initio,* so that a bona fide purchaser from him without notice, is not protected.   (See 2 Kent's Com. 61, 2d ed.)

The authorities to which I was referred, relate to cases where the land escheats by reason of a want of heirs, or by forfeiture for crime.   There, inasmuch as the last owner could, before death or forfeiture, have conveyed, or otherwise disposed of the estate absolutely ; all the charges and incumbrances made by him on the same, bind the land in the hands of the lord or sovereign.(*a*)

There is another ground, however, on which I think the complainants manifest equity to recover their mortgage, may be maintained.

When the purchaser of land executes a mortgage for the purchase money at the time of receiving his conveyance, he has only an instantaneous seisin of the estate, *quoad* the mortgage. His seisin is but for a transitory instant.   The same act which gives him the estate, conveys it out of him again.   It is in him and out of him, by the same breath.   On this ground, it is well settled, in this state, as well as in many other states in the Union, that in such a case, the widow of the mortgagor is not entitled to dower in the premises conveyed, as against the mortgagee, although she did not unite in the mortgage.   *Stow* v. *Tifft,* (15 Johns. 462 ;) *Holbrook* v. *Finney,* (4 Mass. 566 ;) *M'Cauley* v. *Grimes,* (2 Gill & Johns. 318 ;) *Gilliam* v. *Moore,* (4 Leigh, 30 ;) *Trustees of Frazier* v. *Center,* (1 M'Cord's Ch. R. 270.)

In a recent case before me, (*Kittle* v. *Van Dyck,*)(*b*) I held that this rule applied, as well where the mortgage was executed to a third person, as where it was made to the grantor of the premises.

I think the principle of the rule is strictly applicable to the

---

(*a*) See *Evans* v. *Brown,* (5 Beavan, 114.)   *Viscount Downe* v. *Morris,* (3 Hare's R. 394. S. C. 8 Lond. Jurist Rep. 486.)

(*b*) Ante, page 76.

case under consideration. The common law gave to a widow her dower in all lands whereof her husband was seised of an estate of inheritance during the coverture. It also gives to the sovereign power, all lands, whereof an alien becomes seised in fee, or of a freehold estate.

If against a right so much favored by the law, as is the right of dower, it is held that the momentary seisin in the case of a mortgage executed by the husband alone for the purchase money on acquiring the title to land, does not entitle the wife to dower as against the mortgage; how much more just is it to maintain the same principle in favor of the mortgagee, against the people's prerogative of escheat by reason of the alienage of the mortgagor? I cannot perceive how the seisin of the mortgagor in such a case, can support the right of the state to escheat the land; when it is too transient and evanescent, to sustain the widow's claim to her dower. And I am satisfied that the people of the state can extend their title by the escheat, no farther than the widow's dower is extended under the same circumstances. Both are restricted to the equity of redemption.

To illustrate the point, the transaction in this instance, and in others of the same nature, may be regarded as a conditional sale. The deed and mortgage, executed at the same time, were a single and indivisible act; and we may consider their provisions in this behalf as if they were all written in one instrument, executed by the parties. It would then be a strictly conditional sale; the title defeasible on the non-payment of the stipulated price; and the conditional estate acquired by the people by the escheat, terminated by the breach of the condition.

This view of the case confirms the position which I have already taken; and leaves me no room to doubt but that the complainants are entitled to enforce their mortgage against the state.

It is therefore unnecessary for me to examine the question presented under the provision of the Revised Statutes subjecting all escheated lands to the same trusts, incumbrances and charges, to which they would have been subject had they descended. (1 R. S. 718, § 2.)

There must be the usual decree for the sale of the premises and for the payment of the complainant's debt, interest and

costs out of the proceeds.   If there be any surplus, it will be paid to the defendants.