Parsons, C. J.
[After reciting the substance of the case as agreed by the parties.] The question before the Court, upon these, facts, is, whether Ezra Finney, the husband, was, during the coverture, so seised of the premises that the demandant has a right to her dower. He was not so seised, unless from the operation of the deed from his father to himself and his three brothers.
The tenant has made two objections. 1. That this conveyance was of an estate to joint-tenants, of which the demandant’s husband was not the survivor. 2. That her husband had that instantaneous seisin only, which will not entitle her to dower.
It is settled that if an estate be devised to two or more, equally to he divided, they are tenants in common. The same construction is applied to a devise to two or more, share and share alike. (1) Also the words equally to he divided, in a covenant to stand seised, or in the surrender of a copyhold, or in a deed appointing uses, create a tenancy in common. (2) This construction has been adopted, because the words in equal shares, or equally to he divided, import a division in futuro.
The words in this deed are in equal proportion; and it is said that they do not imply a future division, but are applied only to the respective interests in the thing conveyed. On this ground, they must be considered as wholly inoperative; for without them, the grantees would have taken an equal interest in the lands grant ed. To give them operation, may they not be considered as equiv *498 aient to the words in equal pur par ties or shares, and thus contemplate a future partition ?
But it is not necessary now to decide this point, for by the statute of 1785, c. 61, passed three days after the execution of these deeds, it is enacted that all estates which had been, [ * 568 ] * or which should be, aliened to two or more persons, shall be deemed to be tenancies in common, unless it be manifestly the intent of the alienor that they should be held as joint estates, with a saving to the survivor of any estate in joint-tenancy, before created and already vested in him. This statute has a retrospective effect, and comprehends this conveyance; and there seems to be no constitutional objection to the power of the legislature to alter a tenure, by substituting another tenure more beneficial to all the tenants.
If this objection had been pressed, it would have been unnecessary to consider it, as the statute of 1783, c. 52, in force when the deeds were executed, although repealed by the last-cited statute, had abolished the principle of survivorship among joint-tenants, and had enacted that, on the death of a joint-tenant, the joint estate, of which he was seised, should descend to his heirs. In consequence of these provisions, the wife of a joint-tenant is dowable, as on the death of her husband there could be no survivor, who would be in by a title paramount to her claim of dower.
The demandant must therefore recover, unless the second objection should prevail. It certainly is law that, where the husband is seised but for an instant, of this seisin his wife shall not be endowed. The seisin for an instant is where the husband, by the same act, or by the same conveyance, by which he acquires the seisin, parts with it. Thus, if tenant for life make a feoffment in fee, his wife shall not be endowed ; for, by making the same feoffment which passed the fee, he acquired a fee. (3) And if a joint-tenant make a feoffment, his wife shall not be endowed, for by the feoffment he was seised of a several estate but for an instant, which he acquired and parted with by the feoffment. (4) So, if a feoffment be to B and his heirs to the use of C and his heirs, the wife of B shall not be endowed, for he was but an instrument; and the same feoffment which gave him the seisin, by the statute of uses transferred it to C. Nor shall the wife of the conusee of a fine be endowed, when by the same fine the estate is rendered back to the conusor. (5)
[ * 569 ] * Let us now compare the present conveyances with these principles; for the previous agreement may be laid out of the case. If the deeds pursue it, it is useless; and if the) *499 do not, we must be governed wholly by the construction of the deeds. The mortgage back to the father, from the terms of it, is of even date with the conveyance from him. They are, therefore, to be considered as parts of the same contract, and as taking effect at the same instant. The conveyance from the father took effect when he delivered his deed; the mortgage back took effect when the mortgage deed was delivered; but both, being of even date, were delivered at the same time. The mortgagors were, therefore, seised but for an instant, taking an absolute estate in fee, and instantaneously rendering back a conditional estate in fee. These two instruments must, therefore, be considered as parts of one and the same contract between the parties; in the same manner as a deed of defeasance forms, with the deed to be defeated, but one contract, although engrossed on several sheets ; and no interval of time intervened between the taking and the rendering back of the fee.
But if the husband had continued seised for any portion of time, however short, his wife would have been entitled to dower; as if the conveyance back had been made posterior in point of time, or by a deed distinct from the first grant. There is the case of Nash vs. Preston, reported in Cro. Car. 190, illustrating and supporting these principles. In that case, J. S., seised in fee, bargains and sells the land to the husband for 120l., in consideration that the bargainee shall redemise it to the bargainor and his wife for twenty years, rendering a nominal rent, with a condition that if the bargainor, at the end of twenty years, paid back the 120?., the bargain and sale should be void. The bargainee accordingly redemised it, and dies. His wife shall have dower, because the land, by the bargain and sale, was vested in the husband. But it would have been otherwise if the land was in, and was out of the husband by one act. In the case at bar, the execution of the two deeds, they being of even date, was done at the same instant, and constitutes but one act.
*The demandant, therefore, cannot support her claim, [ * 570] as her husband was never so seised as to entitle her to dower. According to the terms of the agreement, submitting the case to the Court, the demandant must become nonsuit, (a)

 Show. Pari. Cases, 210.

 2 Vent. 365, 6. —1 Salk. 391.—1 Wils. 341, 2.

 3 Cro. 615.

 Ibid

 2 Co. 77, a

 [Coates vs. Cheever, 1 Cowen, Rep. 461. — Ed.]