CAROLINE P. STANWOOD *vs.* THOMAS S. DUNNING *et al.*

If the husband be seised of land for his own use for any portion of time, even if it be but for a moment, the wife by such seisin becomes entitled to dower therein.

THIS was an action of *dower*, and was submitted to the opinion of the Court from an agreed statement of facts. From this it appeared, that *David Stanwood*, the husband of the demandant, was the son of *William Stanwood*, and they had both died before the demand of dower in this action. A deed of the premises in which dower is claimed was made from *William* to *David*, dated *March* 1, 1824, and acknowledged, *March* 6, 1824. *David Stanwood* conveyed the same premises to *Charles Stanwood* by deed dated *March* 6, 1824, and acknowledged the same day, both of which deeds were executed at the same time and place, although bearing different dates. The marriage before the time the deed was made to *David*, and demand of dower, were admitted. The defendants claim under conveyances from *Charles Stanwood*. It was agreed, that the object of the father was to divide the estate between the sons ; that *Charles* gave *David* his notes for the farm at the same time, and that *David* was notoriously insolvent, and that all appeared to be done according to previous arrangement be-

tween the parties. If admissible, on objection made by defendants, the plaintiff can prove by parol, that this arrangement was made merely to protect the property from *David's* creditors, so that it might be held for his benefit, and that of his family; that the witness knew this fact from conversations with *William, David* and *Charles*; that the farm was once in the hands of the witness, and that when he sold it he tried to obtain a release from the plaintiff of her right of dower, but could not, and in consequence thereof sold the premises for $1200 less, than he otherwise should have had, and that he sold subject to her right. It was also agreed, if *the paper is* admissible in evidence, that on the same 6th of *March*, 1824, *Charles Stanwood* gave a life lease in the same premises to the said *William Stanwood*. The only question raised, was whether the plaintiff was entitled to dower in the premises.

The case was argued in writing.

*Willis & Fessenden*, for the demandant, contended, that here was a seisin for such time, as would give the demandant a right to dower; and cited *Bac. Abr.* 371, *note a*; 2 *Bl. Com.* 132; *Preston on Estates, Tit. Dower*; *Cro. Eliz.* 503; *Holbrook* v. *Finney*, 4 *Mass. R.* 569; 1 *Caines' R.* 185; *Kimball* v. *Kimball*, 2 *Greenl.* 226.

*Mitchell*, for the defendants, contended, that there was no seisin of the husband of the demandant, *David Stanwood*, unless for an instant, and that all the authorities agreed, that such seisin gives the wife no right to dower. *Stearns on Real Actions*, 280; *Holbrook* v. *Finney*, 4 *Mass. R.* 568; *Clark* v. *Munroe*, 14 *Mass. R.* 351; 4 *Kent's Com.* 45; *Cruise Dig. Title* 6, § 3 and 32.

After a continuance, for advisement, the opinion of the Court was drawn up by

EMERY J. — The only question in this case is, whether on the facts legally and properly proved, *David Stanwood* had such seisin of the premises as could entitle the demandant to dower. Premising, that family settlements made without fraud, are justly entitled to the favorable consideration of Courts, we proceed to suggest our ideas of the merits of the case, as disclosed in the agreed statement of facts. The claim of dower, it has long been said, is to be favored. Still, unless the husband were legally and beneficially

seised of the estate during the coverture, the wife is not entitled to dower. But if the land vests in the husband but for a single moment beneficially for his own use, the wife shall be endowed.

It is said, that the case cited by plaintiff from *Cro. Eliz.*, 503, which is *Broughton* v. *Randall*, is differently reported in *Noy*, 64. In *Cro. Eliz.* it is said, the title of the *feme* to recover dower was, that the father and son were joint tenants to them, and the heirs of the son; and they were both hanged in one cart; but because the son, as was deposed by witnesses, survived, as appeared by some tokens, viz. his shaking his legs, his *feme* thereupon demanded dower, and upon this issue, *nunques seizu dowers*, this matter was found for the demandant.

In *Roper on Property*, 1st. vol. 369, the case of *Broughton* v. *Randall* is thus stated. A father was tenant for life, remainder to his son in tail, remainder to the right heirs of the father. Both of them were attainted of felony and executed together. The son had no issue, and the father left à widow. Evidence was given of the father having moved or struggled after the son, and the father's widow claimed dower of the estate, and it was adjudged to her. The principle appears to be this: that the instant the father survived the son, the estate for life of the father, united with the remainder in fee limited to him upon the determination of the vested estate tail in the son, so that the less estate having merged in the greater, the father became seised of the freehold and inheritance for a moment during the marriage, to which dower attached itself.

But if the instantaneous seisin be merely transitory, that is, when the very same act by which the husband acquires the fee, takes it out of him, so that he is merely the conduit for passing it, and takes no interest, such a momentary seisin will not entitle his widow to dower.

An illustration is given in the *English* books, that if lands be granted to the husband and his heirs by a fine, who immediately by the same fine renders it back to the conusor, the husband's widow will not be entitled to dower of such an instantaneous seisin. *Dixon* v. *Harrison, Vaughan*, 41 ; *Cro. Car.* 191 ; *Co. Lit.* 31.

In this case, the marriage, death of the husband, and demand of dower are admitted, but his seisin is denied.

Without going into an examination of the law relating to the four species of fines used in *England*, we may remark, that it is considered there as one of the most valuable of the common assurances of that realm, being in fact a fictitious proceeding, to transfer, or secure, real property, by a mode more efficacious than ordinary conveyances. 1 *Co. Lit.* 121, *a.*

But to show how this mode of passing property bears on the seisin of the husband, so far as instantaneous in the case of a fine, compared with it in case of bargain and sale, the case of *Nash* v. *Preston, Cro. Car.* 191, is not inappropriate. It was a bill in chancery. "*J. S.* being seised in fee, by indenture enrolled, bargains and sells to the husband for £120, in consideration, that he shall redemise it to him and his wife for their lives, rendering a pepper corn; and with a condition, that if he paid the £120 at the end of 20 years, the bargain and sale shall be void. He redemiseth it accordingly and dies; his wife brings dower. The question was, whether the plaintiff shall be relieved against this title of dower. *Jones J.*, and *Croke*, to whom the bill was referred, conceived it to be against equity, and the agreement of the husband at the time of the purchase, that she should have it against the lessees, for it was intended that they should have it redemised immediately to them, as soon as they parted with it; and it is but in nature of a mortgage; and upon a mortgage, if land be redemised, the wife of the mortgagee shall not have dower. And if a husband take a fine *sur cognizance de droit comme ceo*, and render arrear, although it was once the husband's, yet his wife shall not have dower, for it is in him and out of him, *quasi uno flatu*, and by one and the same act. Yet in this case, they conceived, that by the law she is to have dower; for by the bargain and sale, the land is vested in the husband, and thereby his wife entitled to have dower; and when he redemises it upon the former agreement, yet the lessees are to receive it subject to this title of dower; and it was his folly, that he did not conjoin another with the bargainee, as is the ancient course in mortgages. And when she is dowable by act or rule in law, a Court of Equity shall not bar her to claim her dower, for it is against the rule of law, viz. "where no fraud or covin is, a Court of Equity will not relieve." And upon conference with other the Justices at *Sergeant's Inn*, upon this question,

who were of the same judgment, *Jones* and *Croke* certified their opinion to the Court of Chancery, " that the wife of the bargainee was to have dower, and that a Court of Equity ought not to preclude her thereof."

The case of *Holbrook* v. *Finney*, 4 *Mass. R.* 566, recognizes that which we have just recited as sound law.

In the case now under discussion, the deed from *William Stanwood* to *David Stanwood* bears date the 1st of *March*, 1824, is acknowledged on the 6th of the same month, and recorded *March* 16th, 1824. It is a deed of bargain and sale to said *David* in fee for the consideration of love and affection with general warranty.

The deed from *David Stanwood* to *Charles Stanwood* is dated the 6th of *March*, 1824, acknowledged the same day, and recorded *March* 11th, 1824. But if requisite so to examine in order to help to a decision, it is manifest from inspecting the deed from *William* to *Charles Stanwood*, that in the order of time the deed to *David* from *William* was made first, and then it is apparent that *David* became rightfully seised in fee, and beneficially so, though for a short time.

The fee was not rendered back by *David* to *William*, *quasi uno flatu*, and therefore the demandant is entitled to dower. It is agreed that the object of the father was to divide his estate among his sons. Nothing could more strongly evince the propriety of leaving the law to raise the future benefit to the wife of *David* in dower after his decease, if his notorious insolvency might put at hazard, the beneficial continuance of the property in him during his life.

The questions about the admissibility of any other evidence of former or subsequent agreements and conversations, it is unnecessary to examine further than to say, that those which preceded the deed of *William* to *David* were merged in that conveyance. And the subsequent agreements and conversations do not abridge the plaintiff's right. But we reject them. The purchasers under *Charles Stanwood* are estopped to deny the seisin of *David*. *Kimball* v. *Kimball*, 2 *Greenl.* 226.

Upon every view of which the case is legally susceptible, on the facts legally and properly proved, we are satisfied, that *David Stanwood* had such seisin of the premises, as would entitle the demandant to dower.

*The defendants must be defaulted.*