## KITTLE v. VAN DYCK and others.

A mortgagee who has assigned a bond and mortgage to secure a loan made to her, is a necessary party in a suit commenced by the assignee to foreclose the mortgage, although the assignment is absolute in terms, and expresses the payment of a full consideration.

When a mortgage for the purchase money of land, is executed by the purchaser to a third person, with the assent of the seller, the widow of the purchaser will take her dower subject to the mortgage.

H., on the eve of buying a farm of C., agreed with his mother M., for the loan to him of the price, which he was to pay to C., and to give to her a mortgage on the farm for her security. C. conveyed the farm to H., who on the same day received from his mother the amount of the purchase money, paid it to C., and executed to M. his bond and mortgage on the farm therefor. It was held, that the mortgage was given for the purchase money of the land, and that the widow of H. was dowable of the equity of redemption only.

Albany, July 21; New-York, Sept. 3, 1843.

THE bill was filed to foreclose a mortgage for $2000, dated November 30, 1826, and executed by Henry P. Van Dyck to his mother, Maria Van Dyck, and by her assigned to the complainant. The defendants were the widow and heirs of H. P. Van Dyck.

It appeared by the pleadings and proofs, that Henry P. Van Dyck bought the farm mortgaged, of Joseph Crandell, for $2000. Before buying it, however, he arranged with his mother for the

loan of the whole price to be paid to Crandell, and agreed to secure its payment by a mortgage to her on the farm. Accordingly, when Crandell conveyed the farm to him on the 30th of November, 1826, he received the $2000 from his mother, paid it to Crandell, and executed to his mother the bond and mortgage in question.

Maria Van Dyck assigned the bond and mortgage to the complainant, on the 14th day of April, 1837. The assignment was absolute in its terms, but was, in fact, intended as a security for a loan to her of about $500. After this suit was at issue, and when she was about to be examined as a witness for the complainant, she released to him all her interest in the bond and mortgage.

The answers stated her interest, and insisted that she was a necessary party to the suit. Magdalen, the widow of Henry P. Van Dyck, claimed her dower in the farm, and that her dower was not subject to the mortgage. Some other points were raised by the pleadings, but they were not essential to the case as it turned at the hearing. As to some of them, the widow was examined as a witness for her co-defendants.

*D. Cady*, for the complainant, cited 1 Rev. Stat. 733, § 5; *Stow* v. *Tifft*, (15 Johns. 462;) 4 Kent's Com. 38, 39, Lec. 45; 1 Sim. & Stuart, 423.

*J. Koon*, for the defendants, cited 5 Madd. R. 475; 4 Paige, 64; 4 Vesey, 118; 9 Ibid. 254; 2 Cox's Ch. Ca. 156; 1 Hoff. Ch. Pr. 497; Edwards on Parties, 87. Also, 1 Edw. Ch. R. 399; 1 Johns. Ch. R. 385; 5 Paige, 9; 4 Leigh's R. 30.

THE ASSISTANT VICE-CHANCELLOR.—It is objected that Maria Van Dyck, the mortgagee, is a necessary party to the suit. I will first examine that point, for if it be well taken, no decree can be made in the present state of the cause.

Her assignment of the mortgage to the complainant is absolute, and expresses a full consideration paid to her. But it is proved that only about one-fourth of that consideration, was in fact paid, and that such payment was a loan or advance to her,

which the assignment was intended to secure. She was, there-fore, the principal party interested in the mortgage at the time the bill was filed ; and although the *legal title* to the bond and mortgage was in the complainant solely, the *equitable interest* was mainly in Maria Van Dyck.

There is no doubt but that she was a necessary party to the suit. This was so ruled in *Hobart* v. *Abbot*, (2 P. Will. 643,) by Lord Chancellor King, in a case like the one before me. Sir John Leach held the same in *Norrish* v. *Marshall*, (5 Madd. 475).

In *Johnson* v. *Hart*, (3 Johns. Ca. 322,) the same point was decided by the Court for the Correction of Errors, reversing the decree of the Chancellor. And Chancellor Kent assents to it in *Whitney* v. *M'Kinney*, (7 J. C. R. 144.) And see 1 Daniell's Ch. Pr. 304, 307.

In *Norrish* v. *Marshall*, it is true the Vice-Chancellor per-mitted the cause to proceed, on the ground that the assignor had been examined as a witness, and testified that he had been ful-ly paid.

In this case, nearly two years after the bill was filed, and long after the cause was at issue, Maria Van Dyck, probably in view of her becoming a witness, released to the complainant all claim which she had or might have against him by reason of the determination of the suit, or any matter brought in ques-tion by it, and from all demands connected with or depending on its subject matter.

The objection was not taken by the answer in *Norrish* v. *Marshall*, nor does it appear but that the assignor had been paid in full before the suit was brought. While here the in-terest of Maria Van Dyck is distinctly and fairly set forth in the answers as a ground of defence, and the testimony sustains it. The complainant should have made her a party, on this objection being brought forward, or after obtaining her release, should have presented the fact by a supplemental bill. On the issue as it now stands, that fact is inadmissible to sustain the complainant's sole claim to the mortgage-money. If the form of the pleadings were to be disregarded, still the complainant

must show a case existing when he institutes his suit, in order to sustain the suit.

Before disposing of the case on this point, I will examine another question which was fully discussed, and the determination of which may be a guide to both parties, in the further progress of the suit; viz., the extent of the right of dower of Magdalen Van Dyck in the premises, and depending upon that, her interest in the event of the suit and her standing as a witness.

The bond and mortgage were executed on the same day, and no doubt at the same time, that the deed was given and the money paid to Crandell. In *Gilliam* v. *Moore*, (4 Leigh's R. 30,) where the verdict found that the deed and mortgage were executed on the same day, the court say they are bound to infer that they were given at the same time, and were parts of one and the same transaction. The complainant insists that the bond and mortgage were given for the purchase money of the farm, and that therefore Magdalen Van Dyck's dower therein is subject to the mortgage. That she is dowable of the equity of redemption only. While she claims dower in the whole, and denies that the mortgage was given for the purchase money within the meaning of the equitable principle on that subject which is now embodied in our statute.

1 Rev. Stat. 740, 1, § 5, enacts, that "where a husband "shall purchase lands during coverture, and shall at the same "time mortgage his estate in such lands to secure the payment "of the purchase money, his widow shall not be entitled to "dower out of such lands, as against the mortgagee or those "claiming under him, although she shall not have united in "such mortgage, but she shall be entitled to her dower as "against all other persons."

As this provision was prospective, it does not affect the purchase and mortgage in question, which were made and given before the adoption of the Revised Statutes. The Legislature in this section, it is supposed, intended to enact the existing rule of law. This appears from the report of the Revisers accompanying the section.

Chancellor Kent, in his Commentaries, says that the transi-

tory seisin for an instant, " when the husband takes a convey-
"ance in fee, and at the same time mortgages the land back to
" the grantor *or to a third person,* to secure the purchase money
"in whole or in part," is not sufficient to give the wife dower.
(4 Kent's Com. 38, 39, 2d ed.)

No reported adjudication that I have met with in the courts
of this state, goes as far as the learned commentator has declared
the principle to extend. The leading case is *Stow* v. *Tifft,* (15
Johns. R. 462.) In that case, as well as the subsequent one of
*Jackson d. Bruyn* v. *De Witt,* (6 Cowen, 316,) the mortgage
for the purchase money was given to the grantor. This was
the fact also in the following cases in other States where the
same decision was made. *Boyce* v. *Rutledge,* (1 Bay's R. 312.)
*Trustees of Frazier* v. *Center,* (1 McCord's Ch. R. 270, 279.)
*Gilliam* v. *Moore,* (4 Leigh, *ubi supra.*) And *Holbrook* v.
*Finney,* (4 Mass. 566.)

The principle on which the doctrine rests, clearly extends to
the case of mortgages to third persons. In the judgment of the
court, as pronounced by Judge Spencer in *Stow* v. *Tifft,* it is
placed on the ground that the seisin of the husband is an *in-
stantaneous seisin* only ; that the estate passes into him and
is drawn out of him, *quasi uno flatu,* and by one and the same
act. Or as expressed by Mr. Park in his Treatise on the Law
of Dower, page 43, " the seisin of the husband is for a *transitory
" instant ;* that is to say, where the same act which gives him
" the estate, conveys it out of him again." Chief Justice Par-
sons, in *Holbrook* v. *Finney,* takes the same ground. It can
make no possible difference in the duration or the transit of this
seisin, whether the mortgage be given to the grantor or to a
third person. In either event, he gains the estate in the same
instant, and by the same act, which conveys it out of him.

Now in this case the substance of the transaction was this.
We will suppose the three parties, Crandell, and Maria and
Henry P. Van Dyck together ; and if they were not all present,
some one must have acted for the absentee. Crandell delivered
his deed to Henry. Maria Van Dyck paid the $2000 to Cran-
dell, and Henry delivered his bond and mortgage to her for the
$2000. Each of these events was in consideration of the other.

Kittle *v.* Van Dyck.

They were inseparably connected by the previous contract between the parties, and in contemplation of law, were all accomplished at the same moment of time. The seisin of Henry was but for an instant. He received it by means of the money of his mother paid to Crandell, and it passed out of him in the same instant, by the mortgage to secure that money.

If Henry had executed the mortgage to Crandell, and he at the same time had assigned it to Maria V. D., and received the $2000 from her, or from Henry, he having borrowed it of her, no question would have been made. Wherein does the transaction before me differ from that mode, in any matter of substance ?

If in fact the money were paid by Maria to Henry, and by Henry to Crandell, it would make no difference in the result. It was all done in pursuance of the previous agreement. The loan and purchase were parts of the same transaction. Without the one, the other would not have been made, and they were consummated together.

The cases already cited show the uniform application of the principle of American law, which excludes dower, as against a mortgage given for the purchase money, to the vendor. The two following, go the whole length of the case under consideration.

In *Clark* v. *Munroe*, (14 Mass. 351,) one Andrews conveyed the premises to W. Clark, who at the same time mortgaged them to one Winthrop. The consideration of the deed from Andrews to W. Clark was the property of Winthrop, and the mortgage was given to him in pursuance of a previous agreement between the parties. The court held that the wife of W. Clark was not entitled to dower, and that the case was no different from what it would have been had the mortgage been made to Andrews instead of Winthrop.

In *M'Cauley* v. *Grimes*, (2 Gill & Johns. 318,) Charles M'Cauley held a large tract of land derived from his father, considerably beyond his just share of his father's estate. In arranging and dividing the estate, it was agreed by all the parties, that Charles should convey the land to his brother Hugh, and Hugh, in consideration thereof, should pay to his brothers

and sisters certain stipulated sums, and to secure the payment should execute a mortgage of the land to them, when he received it from Charles. Those sums, it was agreed, should be received as their respective portions of their father's estate. Charles accordingly executed the deed to Hugh, and at the same time Hugh executed the mortgage and his bonds to the other brothers and sisters. The Court of Appeals, in an opinion reviewing the American cases, decided, that Hugh's widow was not entitled to dower against the mortgage.

I am entirely satisfied that by the law as established in this state, a widow is not entitled to dower in land conveyed to her husband during coverture, which he mortgaged to secure the purchase money, whether the mortgage were given to the grantor of the land or to a third person ; and that in such case she is only dowable of the equity of redemption. Here the mortgage in question was given for the purchase money, at the same time that the land was conveyed to the husband, in pursuance of a previous arrangement. The widow, Magdalen Van Dyck, therefore takes her dower in the farm subject to the mortgage.(a) It follows that she was an interested witness, and her testimony, as it is now presented in the cause, would be excluded, if the cause were to be determined upon the merits.

As the suit is defective, it must stand over to enable the complainant to make Maria Van Dyck a party, or by supplemental bill to set forth the facts rendering it unnecessary. Unless he elects to do one or the other, his bill is to be dismissed with costs, and without prejudice. In case of his election, the defendants are to be permitted to open the proofs on the original bill, if they think proper ; and in that event they will waive the costs of the hearing, to which they would otherwise be entitled on the cause standing over for parties.

---

(a) See *Card* v. *Bird*, (10 Paige, 426,) decided November 21, 1843.