# BELKNAP,

## DECEMBER TERM, A. D. 1844.

### PRESCOTT v. WALKER.

D. P. having devised all his real estate to his two sons in severalty died. His personal estate being insufficient to pay his debts, his executor obtained license from the probate court to sell so much of the real estate as would raise $2800. H. P. one of the devisees, paid his half of the debts due from the father's estate, and thereupon the executor sold only such real estate as had been devised to the other son. *Held* that the sale was lawful.

D. A., by the request of one J. P. bid off certain land at auction, with the agreement that whenever J. P. should pay to him the purchase-money and another sum due from J. P. to him, A would convey the premises to J. P. Subsequently in furtherance of an agreement between all the parties, one H. G. P. paid the amount and took a conveyance of the premises to hold upon the same terms on which they had been held by A. *Held* that the widow of H. G. P was entitled to dower in the premises.

DOWER. The plaintiff claims as the widow of one Horatio G. Prescott.

The marriage was proved and also the death of the husband and demand of dower.

The premises were a part of the estate of Dudley Prescott deceased, who devised all his real estate to his sons John and Hazen in severalty. The personal estate of said Dudley not being sufficient for the payment of his debts his executor obtained license from the judge of probate to sell so much of his real estate as would raise the sum of $2800, and under this license sold the premises in question being part of the real estate which had been devised to John only, Hazen Prescott the other devisee having paid his half of the debts due from the estate. By

the request of John, one Daniel Avery bid off the prem-
ises at the executor's sale, with the agreement that when-
ever John should pay him the sum paid for the land and
about $60 which was due from John to him, he should
convey the premises to John. Subsequently by agreement
between John and Horatio G. Prescott (the plaintiff's hus-
band), the latter paid the amount, and Avery conveyed
the premises to Horatio, who agreed with John to hold
them upon the same terms on which they had been held
by Avery.

On the third of February 1827, Horatio conveyed the
premises by deed of warranty to D. Gale and others. The
grantees had previously paid a note which they had signed
as surety for him, and they agreed with him that they
would re-convey, provided he paid them the sum so paid
and interest within one year. But on the 26th of March
he quitclaimed to John all his right to redeem from this
conveyance; and on the 29th of March John assigned all
his right to redeem to the defendant, who on the same day
paid the amount due to Gale and others, and they con-
veyed by quitclaim deed to him.

*Hazelton,* for the plaintiff.

*Lyford,* and *Walker,* for the defendant.

PARKER, C. J. The sale by the executor of Dudley
Prescott of the land devised to John alone, under his
license to sell for the payment of debts, was lawful. No
exception has been suggested to it, except that the money
should have been raised equally from the lands devised to
John and Hazen. There is certainly no objection to an
attempt on the part of the executor to equalize the burden
of the debts in such case by a sale of ratable proportions
of the interests of each devisee whose land is chargeable
in the first instance. But it is apparent, that in many

cases this could not be accomplished without injury to the remaining property by causing an inconvenient division of it. It is clear that the executor is not obliged thus to sell to the injury of the estate. He should not sell the part devised to one, from favoritism or any other sinister reason.

The devisees may join in paying the debts and saving the lands from sale. If they can not agree upon this and the land of one is sold, he may have contribution, because the debts are a common charge upon the whole estate. Provision is now made by statute for an adjustment of the proportion of each by the judge of probate. Rev. Stat., ch. 166, sec. 13. But if one is willing to pay his share for the purpose of saving his land from sale, the very object which it is proper to seek, that of equalizing the burden of the debts, is thus far accomplished and the necessity of contribution avoided. John Prescott has no occasion to complain, as there is no evidence that his land was subjected to more than its share.

The remaining question is, whether Horatio G. Prescott, the plaintiff's husband, took an estate of which she is dowable. Avery purchased at the executor's sale, in pursuance of an agreement with John, by which he was to convey to him upon his making certain payments. It is not stated whether the agreement was or was not in writing, nor is it material to this case whether the agreement could have been enforced by John. It was not a resulting trust arising from the payment of the consideration, for Avery paid his own money upon the purchase. He took the fee of the land, with an interest in it; for he not only paid for it and was to hold until the purchase money was paid, but until a further debt due to him was paid also. The sale through which he took the title was not from John holding the land as devisee, but one adverse to John's title and which defeated it. It is not the case of a mortgage therefore, taking the shape of an absolute conveyance with an agreement to re-convey. It

is, in substance, an arrangement by which Avery was to purchase the land, and John was to have the right to purchase of him upon payment of the consideration paid and of the debt due.

The plaintiff's husband, by a subsequent agreement between the parties, paid the amount to Avery and took a conveyance of the fee to hold upon the same terms that Avery held it. The date of this deed is not stated, nor does that or the subsequent conveyances appear to be material. The case may be regarded as if Horatio had released to John and John to the defendant. Neither party can derive any advantage, in this case, from the conveyance by the husband to Gale and others to secure the payment of money due to them and their subsequent release.

It was formerly held that the wife of a trustee was dowable at the common law. See 4 Kent's Com. 42.

But it is now settled that a wife is not entitled to dower in a trust estate, any farther than her husband had a beneficial interest therein, and if she attempts to enforce such a claim at law, equity will restrain her. 4 Kent's Com. 43; *Hinton* v. *Hinton*, 2 Vesey Sen. 633; *Powell* v. *Monson and Brimfield Manuf'g Co.*, 3 Mason 364; *Robinson* v. *Codman*, 1 Sumner 129; *Cooper* v. *Whitney*, 3 Hill's N. Y. 95.

But, it is said, it seems if a feoffment be made to a husband upon condition that he enfeoff J. S. and he does this and dies, his wife shall be endowed; for his intention does not appear to exclude the wife, and if it did appear, still it seems that this would not change the law. 1 Rolle's Abr. 678, Dower I, 2; and it has been recently held that if the husband is rightfully seized in fee, and beneficially so, though for a short time, the wife by such seizin becomes entitled to dower. *Stanwood* v. *Dunning*, 14 Maine 290.

The husband here was seized to his own use in fee, having a beneficial interest in the whole estate. The fact

that John by the agreement had a right to purchase it by the payment of certain sums gave him no interest in it. There must therefore be

*Judgment for the demandant.*