NEWBEGIN *versus* LANGLEY *& al.*

A conveyance of land and a mortgage back to secure payment of the consideration, constitute but one contract; and if the mortgage is void the other deed must be void also.

Thus, where the demandant conveyed a tract of land to a *married woman*, and for it received her note with her mortgage of the same premises to secure *its* payment, he is entitled to recover possession of the land, the note and mortgage being void.

*Non tenure* can only be pleaded in *abatement*, and within the time prescribed by the rules of Court.

ON REPORT.

WRIT OF ENTRY.

The defendants pleaded the general issue, and, by brief statement, Jane C. Langley alleged that, at the time of the

execution of the mortgage deed, she was, and, at the time of the trial, continued to be a married woman, the wife of Robert Langley, and that the premises are her own freehold.

Hiram Cole, the other defendant, by way of brief statement, alleged that Jane C. Langley was the lawful owner of the premises, and that he was her lessee and tenant.

The premises were conveyed by demandant to Jane C. Langley, one of the defendants, on Feb. 27, 1851, and by her reconveyed to him in mortgage, on April 5, 1851, to secure her note for the same. The deed was delivered at the execution of the mortgage.

At the time this mortgage was made, Jane C. Langley was a married woman, and so remains; and the evidence tended to show that the demandant knew it.

The case was submitted to the full Court for a decision.

*Emery & Loring,* for tenant.

1. The plea of coverture is maintained.

2. A contract cannot be rescinded excepting in cases of fraud or palpable mistakes. *Thompson* v. *Jackson,* 3 Rand. 504; *Cross* v. *Peters,* 1 Maine, 376.

3. Want or failure of consideration, cannot in a Court of law be shown in avoidance of a deed. *Taylor* v. *King,* 6 Munf. 358; *Vroom* v. *Phelps,* 2 Johns. 177; and same, 179, in note; *Green* v. *Thomas,* 11 Maine, 318.

4. There is no failure of consideration in this case. The note is not denied or avoided. *Grant* v. *Townsend,* 2 Denio, 336.

5. The Court has no power to set aside the deed from plaintiff to tenant, no fraud or mistake being alleged.

*J. M. Goodwin,* for demandant.

1. The two deeds constitute but one instrument. *Dana* v. *Coombs,* 6 Greenl. 89; *Hubbard* v. *Cummings,* 1 Greenl. 11; *Roberts* v. *Wiggin,* 1 N. H. 73; *Bigelow* v. *Kenney,* 3 Verm. 359. If one deed is void, the other is also, as appears by the same authorities.

2. The two deeds constitute one contract, in the nature of a condition subsequent. If a married woman take real

estate upon condition, she takes it *cum onere.* Cruise, Title, B. c. 2, § 19; Law Reg., Feb. No. 1855, p. 240.

3. The deed to Mrs. Langley is void on account of mistake in fact. 2 Kent's Com. 491; Story on Cont., Title " mistake in fact."

4. As to Hiram Cole, he shows no defence. His brief statement is in the nature of a plea of *non tenure,* and can only be pleaded in abatement. Besides it was not seasonably filed.

RICE, J. — The demandant conveyed the premises, by deed dated Feb. 27, 1851, to Jane C. Langley, one of the defendants, who then was, and still is, a married woman; and said Langley re-conveyed the same, in mortgage, to the demandant, by deed dated April 5, 1851, to secure the payment of her promissory note given in payment *for the* premises in controversy. These deeds, though of different dates, were delivered at the same time, and in law constitute one contract. *Holbrook* v. *Finney,* 4 Mass. 566; *Hubbard* v. *Cummings,* 1 Maine, 11; *Dana* v. *Coombs,* 6 Maine, 89; *Bigelow* v. *Kinney,* 3 Vermont, 359.

These deeds became operative, if at all, from the time of their delivery. *Harrison* v. *Phillips Academy,* 12 Mass. 456; *Dana* v. *Coombs,* 6 Maine, 89.

The deed and mortgage being one contract must stand or fall together. They cannot be void in part and good in part. *Richardson* v. *Boright,* 9 Ver. 368; *Roberts* v. *Wiggin,* 1 N. H. 73, and cases above cited.

The promissory note of a married woman, in this State, at the date of this transaction, was absolutely void. *Howe* v. *Wildes,* 34 Maine, 566.

It is a general rule, (the exceptions to which do not apply in this case,) that the deeds of married women are void. 2 Bright's Husband & Wife, 38; Greenl. Cruise, Tit. Deed, c. 11, § 25; Hill. Ab't, c. 25, § 49; *Page* v. *Page,* 6 Cush. 196; *Shaw* v. *Russ,* 14 Maine, 432; *Fowler* v. *Shearer,* 7 Mass. 14.

It was suggested in the argument, by counsel for the demandant, that the two deeds might be construed as one deed upon condition *subsequent.* If they were to receive that construction, the tenants would be entitled to judgment, as the demandant exhibits no right of entry for condition broken. The whole contract is more analogous to a deed from demandant with condition *precedent* unperformed. But they do not constitute a deed upon condition, but a deed with a defeasance. Greenl. Cruise, Tit. Deed, c. 7, § 25.

Both the defendants have pleaded the general issue, with brief statements, which, though not in form, are in substance, pleas of non tenure. In all writs of entry, the defendant may plead that he is not tenant of the freehold, in abatement, but not in bar. Stat. of 1846, c. 221. These pleas cannot avail as pleas in abatement, being informal, and not having been filed within the time prescribed by the rules of Court, and they are not authorized as pleas in bar.

*The demandant must have judgment.*