JOSEPH CLARK *vs.* JOHN A. BROWN.

If a grantee of land at the instant of receiving his deed executes and delivers two mortgages of a portion thereof, one of which is to his grantor, to secure the payment of a part of the purchase money, and the other is to a third person, and all the deeds are entered for record at the same moment, the mortgage to his grantor takes precedence.

WRIT OF ENTRY upon a mortgage. It was agreed, in the superior court, that the demandant conveyed a lot of land to James S. Tuttle, by deed dated August 19, 1856, acknowledged

43 *

August 20, and recorded August 21, and received back at the time of its delivery a mortgage of a portion of the land, to secure the payment of a part of the purchase money. The said Tuttle also executed another mortgage, dated August 21, 1856, of the same portion of the land to one Wyatt, who assigned it to the tenant, under which the tenant has entered, and claims to hold the premises. All of the above deeds were delivered at the same time and place, and were entered for record at the same time. Upon these facts, judgment was rendered for the demandant, and the tenant appealed to this court.

*E. Avery*, for the tenant.

*L. Marrett*, for the demandant.

MERRICK, J. The deed of Clark to Tuttle of an entire tract of land, and the deeds in mortgage covering only a part, but one and the same part, of the entire tract, from Tuttle to Clark and to Wyatt, were all delivered, and all entered for record, at the same time. The defendant contends that, under such circumstances, all the deeds constituted but one transaction; and therefore that by the legal effect and operation of the mortgage deeds to Clark and Wyatt they became tenants in common of the land, in proportion to the amount of their respective debts thereby secured; just as in the case of creditors levying executions upon land subject to simultaneous attachments. *Durant* v. *Johnson*, 19 Pick. 544. But this position cannot be maintained. The mortgage to Wyatt is necessarily to be considered as being posterior in time to that made to Clark, and therefore in effect is to be postponed to it. The deed of Clark to Tuttle, and the mortgage deed to the former from the latter, were but parts of one transaction, whereby Tuttle acquired only an instantaneous seisin; which was insufficient even to entitle a wife to dower, which does not depend upon any conveyance to her, but results by operation of law as soon as the husband, at any time during the marriage, becomes effectually seised of the land. *Holbrook* v. *Finney*, 4 Mass. 566. Until Clark made his deed to Tuttle, the latter certainly had no interest in the land, which he could make the subject of a conveyance to another; and as the deed and mortgage from him to Clark was

delivered at the same time that Clark's deed was delivered to him, he acquired seisin but for an instant; taking an absolute estate in fee, and instantaneously rendering back a conditional estate in fee; and so it was by the same act that he acquired and parted with his title. The mortgage to Wyatt was therefore necessarily a thing subsequent, because it was made after the deed from Clark; and, the mortgage back to Clark being identical with the deed in the time of taking effect, the mortgage to Wyatt was necessarily after that mortgage. As soon as Tuttle had a right to make any conveyance at all to another, the right of Clark under the mortgage to him had already become vested, and therefore all other conveyances must of necessity be posterior to it. The mortgage to Wyatt could therefore convey only the interest which the mortgagor then had in the premises; and that was simply a right of redemption, namely, the right of redeeming the estate from the preëxisting mortgage to Clark.

It can make no difference that the deeds were all entered of record at the same moment. The law arranges acts performed, or things done, in one day, and relative to the same subject matter, so as to render them conformable to the intention of the parties. *Taunton & South Boston Turnpike* v. *Whiting*, 10 Mass. 336. The deeds having been all delivered at the same time, the several grantees must be considered as having been conusant of all that then took place concerning them. Wyatt therefore knew when he took the mortgage deed from Tuttle that the estate was already incumbered by the prior outstanding mortgage to Clark, to which his own became subject as effectually by his knowledge of its existence, as it would have been if it had been posterior in the actual time of its entry for record. *Priest* v. *Rice*, 1 Pick. 164. *Kendall* v. *Lawrence*, 22 Pick. 540.

Upon the facts agreed, judgment must therefore be rendered for the demandant.