### LYMAN PENDLETON & wife *vs.* JONATHAN R. POMEROY & others.

Evidence that the grantee in a deed reconveyed the granted premises to his grantor by a deed of mortgage dated and acknowledged on the same day when the deed to him was acknowledged, and recorded on the same day when the deed to him was recorded, is sufficient to authorize a finding that his seisin was only momentary, although the deed to him was dated several days before it was acknowledged.

WRIT OF DOWER, to recover the dower of the female plaintiff as the widow of Aretas Fowler in certain land in Southwick.

In the superior court, a jury trial was waived and the case was heard before *Ames*, J. It appeared that Levi W. Humphrey by deed dated April 22, 1847, acknowledged April 29, and recorded April 30, conveyed the premises to Fowler, who executed a mortgage thereof to said Humphrey, dated and acknowledged

on April 29th, and recorded on April 30th. This mortgage was duly foreclosed, and the tenants derive their title under it. There was no other evidence of the delivery of either of the above deeds. Upon this evidence, the judge found that the seisin of Fowler was only for an instant, and not such as to entitle his widow to dower; and ruled that the demandants were not entitled to recover. The demandants alleged exceptions.

*H. B. Stevens*, for the demandants. The certificate of acknowledgment upon a deed is inadmissible to prove the time when the acknowledgment was taken. 1 Greenl. Ev. § 498. *Pidge* v. *Tyler*, 4 Mass. 541. *Marshall* v. *Fisk*, 6 Mass. 24. *Blood* v. *Blood*, 23 Pick. 80. A deed is presumed to have been delivered at its date. *Holbrook* v. *Finney*, 4 Mass. 566. *Fairbanks* v. *Metcalf*, 8 Mass. 230. *Ward* v. *Lewis*, 4 Pick. 518.

*H. Fuller*, for the tenants.

CHAPMAN, J. In this case the parties waived a trial by jury, agreeably to the provisions of Gen. Sts. *c.* 129, § 66, and the questions of fact as well as of law were determined by the presiding judge. In considering the questions presented by the bill of exceptions, it is necessary to discriminate between questions of fact and questions of law. Exceptions can be taken only to his decisions in matters of law.

It appears that he found, as a fact, that the deed of Humphrey to Fowler was delivered at the same time with the mortgage of Fowler to Humphrey, and consequently that Fowler had only a momentary seisin. The question is not open whether this finding was according to the weight of the evidence. We are of opinion that the evidence which he received on the point was competent; and that it was legally competent for him to infer from it that the deeds were both delivered at the same time. It was an inference of fact, and not of law, and therefore it is not subject to exception.

This fact being found, there was no estate in Fowler out of which his widow was entitled to dower. *Holbrook* v. *Finney* 4 Mass. 566. *Clark* v. *Munroe*, 14 Mass. 351.

*Exceptions overruled.*