SARAH A. KING *vs.* ALPHEUS STETSON & another.

If at the same time when a deed of land is received the grantee mortgages it to a third
person for the purpose of procuring money to enable himself to obtain his deed, and as a
part of the same transaction, his seisin is only instantaneous, and the mortgage will bar
his wife's dower, although she does not sign it.

WRIT OF DOWER, by the widow of Alexander King.

At the trial in the superior court, before *Ames*, J., without a
jury, it appeared that the premises were conveyed in January
1847 by one Wood to William McCollough, who on the same
day mortgaged the same to Wood to secure the payment of a
part of the purchase money, and in October 1847 executed a
second mortgage thereof to Benjamin James, to secure a note
of $400. No deed of the premises from McCollough to Alex-
ander King could be found, and a copy was introduced of the
record of such a deed, dated December 6th 1852 and acknowl-
edged and recorded April 6th 1853. This deed contain d the
following clause : " The consideration for which said deed was
given was paid to said Wood by said King, but the deed was
made to me by request of said King, he not being at the time a
naturalized citizen." King was an alien at the time of the exe-
cution of the deed to McCollough, and occupied the premises
thereafter, and the mortgage to James was made for King's
benefit.

The tenant claimed title under a foreclosed mortgage from
Alexander King to Elisha S. James, for $1200, dated and
acknowledged April 6th 1863. The two mortgages made by
McCollough were discharged on that day. Benjamin James
testified that he transacted the business of making the loan and

taking the mortgage, and that it was his impression that King stated to him that he obtained this loan in order to enable him to discharge the two former mortgages, so that he could get a conveyance of the premises from McCollough, and that in giving the money to King he deducted the amount of the former mortgage to himself, and that this was done at the time the mortgage was discharged.

There was no other evidence that the deed to King had been delivered to him; but the judge found that there had been such delivery, and that the demandant was entitled to dower even on the assumption that the loan upon the last mortgage was procured and used for the purpose testified to by Benjamin James, and although the two former mortgages were discharged and the deed to King and King's mortgage to James were delivered all at the same time.

The judge accordingly found for the demandant, and the tenants alleged exceptions.

*D. Thaxter,* for the tenants, cited 4 Kent Com. (6th ed.) 39; 1 Scribner on Dower, 261–266 ; *Clark* v. *Munroe,* 14 Mass. 351; *Lobdell* v. *Hayes,* 4 Allen, 187.

*C. Blodgett, Jr.,* for the demandant, cited 2 Bl. Com. 131; 1 Cruise Dig. (Greenl. ed.) tit. vi. c. 1, § 24; *Stanwood* v. *Dunning,* 14 Maine, 290.

DEWEY, J. The seisin of King, the husband of the demandant, was merely transitory, and not sufficient to entitle her to dower in the lands conveyed to him by McCollough. Where the husband is seised but for an instant, the wife is not to be endowed. This principle was early applied in the case of *Holbrook* v. *Finney,* 4 Mass. 566, where a conveyance to the husband and a mortgage by him to the grantor were made at the same time. But it is not confined to a conveyance and mortgage between the same nominal parties. The question rather is, whether the two instruments are to be considered as parts of one and the same transaction, and no interval of time intervenes between the taking of and parting with the estate.

In *Clark* v. *Munroe,* 14 Mass. 351, the application of the principle that a mere instantaneous seisin excludes dower was made

to a case where the husband received a conveyance in fee, and at the same time mortgaged the estate to a third person. In the view taken by the court in that case, all that was necessary was, that it should appear that the whole matter constituted but one transaction. In *Hazleton* v. *Lesure*, 9 Allen, 24, it was held that it makes no difference whether the transaction consists of one conveyance or of several, or whether they are executed between two parties or more, if all be done at the same time, and as a part of the same transaction.

Applying these principles to the facts assumed by the court to have existed here, that the loan upon the mortgage to E. S. James was procured for the purpose of discharging the two McCollough mortgages, thereby to enable King to get a conveyance of the property from McCollough; and the two mortgages made by McCollough were in fact discharged by the proceeds of such loan, and such discharge and the deed of McCollough to King and the mortgage of King to James were one transaction, and done at the same time, the facts would only present the case of an instantaneous seisin of the husband, and the wife would have no right of dower as against the mortgage to E. S James. *Exceptions sustained.*